F. Rivers Richardson, of New Orleans, for appellees.

ODOM, Justice.

Plaintiff, a judgment creditor of defendant, caused certain property to be seized under a writ of fieri facias as belonging to him. On May 27, 1932, the Richardson Realty Company, Inc., intervened, claiming ownership of the property, and prayed for a rule nisi directed to the sheriff and seizing creditor ordering them to show cause why a preliminary writ of injunction should not issue prohibiting them from proceeding with the advertisement and sale of the property seized. It prayed further that a temporary restraining order issue upon its furnishing such bond as the court might fix. The court granted a temporary restraining order without notice, and fixed the bond at $500, which was furnished. It also ordered the seizing creditor to show cause on June 3d why a preliminary writ of injunction should not issue as prayed for. The rule to show cause was finally heard on June 20th, and on the 21st judgment was signed making the rule absolute and granting a preliminary writ of injunction. The seizing creditor did not appeal from this judgment. But on July 6th, more than ten days later, the seizing creditor ruled the intervener to show cause why the preliminary writ of injunction should not be dissolved on various grounds set up in the application. The realty company was ordered to show cause on July 15th. On that day it excepted to the application for the rule on two grounds, first, that it set out no cause or right of action, and, second, that applicant's right, if any it ever had, to apply for a dissolution of the preliminary writ of injunction, was barred by the prescription of ten days under the provisions of section 5, Act No. 29 of 1924. These exceptions were overruled, and the rule to dissolve the preliminary injunction was heard on February 14, 1933, and denied.

On February 20th judgment was signed ordering the rule dismissed. A devolutive appeal from that judgment was asked for and granted on February 24th, and was perfected on that day.

Appellee has moved to dismiss the appeal on the ground that more than ten days lapsed between June 21, 1932, the date on which the preliminary injunction was issued, and the date on which the appeal was taken and perfected, which was February 24, 1933.

If this was an appeal from the judgment signed on June 21, 1933, the appeal would have to be dismissed under the plain provisions of section 5, Act No. 29 of 1924. But that is not the case. This appeal was taken on February 24, 1933, from the judgment signed February 20th, refusing to dissolve the preliminary writ of injunction, and was therefore in time.

Counsel for appellee is correct in his statement of the law as to the delay for taking appeals in cases of this kind, but is mistaken as to the judgment from which this appeal was taken. Section 5 of the injunction act (No. 29 of 1924) specifically provides that, where "an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree," and that "any appeal, devolutive or suspensive, must be taken and bond furnished within ten days from entry of such order or decree."

The plaintiff appealed from an interlocutory order refusing to dissolve the preliminary writ of injunction, not from the order granting it.

The motion to dismiss the appeal is overruled.

ST. PAUL, J., absent.

Steve SMITH, Plaintiff and Appellee, v. Daisy JOHNSON, Defendant and Appellant.
No. 14694.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

H. G. Huckabee, of New Orleans, for appellant.

M. R. Woulfe, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Steve Smith, a negro longshoreman, against Daisy Johnson, his former concubine, for the partition of a certain piece of property acquired by Steve Smith and

Daisy Johnson by purchase from James J. Manson by act before F. Magne, notary public, on the 18th day of March, 1926, and registered in Conveyance Book 407, Folio Book 175. In the petition Smith alleges that the act of sale erroneously declared that plaintiff and defendant were man and wife, whereas in truth and fact no such status existed between them, and that, therefore, they are each the owner of an undivided one-half of the property which is the subject of the partition proceedings.

Daisy Johnson answered admitting that she was not married to Smith and expressed her acquiescence in the partition of the property, but averred that she was fraudulently induced to sign the act of sale by which the property was acquired in the name of Smith and herself, erroneously described as man and wife, under the belief that she was acquiring full ownership of the property, most of the purchase price of which she avers was advanced by her.

On the trial of the case the allegations of fraud in defendant's answer were abandoned, and the court, after hearing considerable testimony concerning the contributions of both parties to the purchase price of the property, ordered the partition as prayed for, whereupon it was agreed between counsel that the property should be sold by Mr. Harry Latter at public auction, and the act of sale passed before Wm. J. Formento, notary public. From this judgment defendant has appealed and renews in this court the argument made below, based upon the voluminous testimony in the record, to the effect that the judgment should be so qualified as to order a distribution of the proceeds of the sale upon a basis of what, it is claimed, has been established as the respective contributions of the parties to the purchase price of the property.

In our opinion the judgment of the district court is correct. The sole issue in this proceeding is the right of the plaintiff to have the property described in his petition sold in order to effect a partition. He is the owner of an undivided one-half of the property on the face of the record, and, if either party to this proceeding has any claim one against the other for money advanced, the matter could be considered in an appropriate proceeding.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.