FRUGÉ, Judge.
We granted a writ of certiorari in this case in order that we might consider a question of law regarding the legality of a temporary restraining order issued against defendant, Huey Kelone.
*804 There are no disputed facts. On January 10, 1968, petitioner, Mrs. Kelone, sought legal separation from her husband, Huey Kelone. In her petition, Mrs. Kelone also requested a temporary restraining order to prevent her husband from alienating or disposing of any of the community property during the pendency of the suit. On that same day, the district judge rendered an order stating inter alios, “It is ordered that * * * a temporary restraining order issue herein without bond as prayed for.”
Pursuant to this mandate from the judge, the deputy clerk of court issued the following order: “You [defendant] are hereby commanded, enjoined, restrained and prohibited in the name of the State of Louisiana, and of the Twelfth Judicial District Court, for the Parish of Avoyelles, from selling, alienating, mortgaging, encumbering or disposing in any manner of any part of the community of acquets and gains existing between yourself and Relia Dauzat Kelone, plaintiff in these proceedings, that are now in your possession, and you are to remain so enjoined, restrained and prohibited until the further orders of this Court.”
Under advise of counsel, defendant ignored the order issued by the deputy clerk of court, and on January 11th, he sold a piece of land which allegedly was community property. On January 17th, an order for a preliminary injunction was signed by Judge Edwards and on that same day defendant was ordered to show cause why he should not be held in contempt of court for failing to abide by the restraining order issued on January 10th. Subsequently, the defendant was adjudged to be in contempt of court and was sentenced to jail. Upon defendant’s application, we granted writs.
The only issue for our determination is whether or not the order by the district judge and/or the accompanying restraining order signed by the deputy clerk of court was lawful and valid. If both orders are invalid, then the Court’s subsequent holding of defendant in contempt of court must also fall.
C.C.P. Articles 3601 et seq. governs the issuance of temporary restraining orders. Article 3601 states in part, “During the pendency of an action for an injunction, the court may issue a temporary restraining order * * (Emphasis ours.) Article 3605 adds, “An order granting * * * a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition to the documents, the act or acts sought to be restrained”.
These articles require that the temporary restraining order be signed by the court and that the order “describe in reasonable detail” that action sought to be restrained.
In the instant case, the trial judge signed an order which stated only that “a temporary restraining order issue herein without bond as prayed for”. This does not describe in reasonable detail that action which was sought to be restrained as required by C.C.P. Article 3605. This article further directs that the temporary restraining order “not [describe] by mere reference to the petition” that action sought to be restrained.
We therefore find the order signed by the trial judge on January 10th insufficient to constitute a legal temporary restraining order.
The next issue is whether or not a restraining order signed by deputy clerk of court that same day bears legal efficacy.
Preliminarily, we feel that the temporary restraining order signed by the clerk of court cannot remedy the defect in the order signed by the trial judge.
We readily agree that clerks and deputy clerks of district courts possess a number of administrative powers which permit them to sign certain orders in their names. See C.C.P. Articles 281 et seq. In addition, Article 283 specifically sets forth certain *805 orders which the clerk of district court may sign.[1]
But in viewing all these articles, we find no authorization for the deputy clerk of a district court to sign a temporary restraining order.
Since injunctive relief renders unlawful certain action on part of one restrained or enjoined and restricts otherwise unfettered action, we believe that the intent of the provisions of the Code of Civil Procedure is to place the use of such orders solely within the hands of the trial judge.
Thus, we do not believe that the temporary restraining order signed on January 10th by the deputy clerk of court bears any legal efficacy. Nor can the two defective orders, when considered together, correct each other’s deficiency so as to render either of them lawful.
For the foregoing reasons, the judgment of the district court in holding the defendant, Mr. Huey Kelone, in contempt of court for failure to abide by its January 10th temporary restraining order, is reversed, and the case is remanded for further proceedings consistent with these views. Plaintiff-respondent is to pay costs of these proceedings.
Reversed and remanded.

. C.C.P. Article 283 provides:
“The clerk of a district court may sign any of the following orders or judgments:
“(1) An order or judgment effecting or evidencing the doing of any of the acts authorized in Article 2S2;
“(2) An order for the issuance of ex-ecutory process, of a writ of attachment or of sequestration, or of garnishment process under a writ of fieri facias, attachment, or of sequestration; the release under bond of property seized under a writ of attachment or of sequestration; or to permit the filing of an intervention;
“(3) An order for the execution of a probated testament; the affixing of seals; the taking of an inventory; the public sale of succession property to pay debts, on the written application of the succession representative accompanied by a list ‘ of the debts of the succession; the advertisement of the filing of a tableau of distribution or of an account by a legal representative; or requiring a legal representative to file an account; or
“(4) An order for the issuance of a rule against the inheritance tax collector to show cause why inheritance taxes should or should not be decreed due; or to permit a party to institute and prosecute, or to defend, a suit without the payment of costs, under the provisions of Articles 5181 and 5188.
“When an order signed by the clerk requires the services of a notary, the clerk shall point the notary suggested by the party obtaining the order.”