272 So.2d 23 (1973)
ALLIED NAVIGATION CO., INC., et al.
v.
INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS, Henry M. Stegall, et al.
No. 5478.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1973.
Rehearing Denied February 6, 1973.
Writ Refused April 5, 1973.
Terriberry, Carroll, Yancey & Farrell, Walter Carroll, Jr., and Monroe & Lemann, David E. Walker, New Orleans, for plaintiffs-appellees.
Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, C. Paul Barker, New Orleans, and Schulman, Abarbanel, Perkel & McEvoy, Howard Schulman, New York City, for defendants-appellants.
Before SAMUEL, CHASEZ and BOUTALL, JJ.
*24 BOUTALL, Judge.
This suit seeks to enjoin certain labor unions and their officials from picketing and preventing the operation of four vessels of foreign nations which were docked in the Port of New Orleans. The appeal before us, taken by the defendants cast, is not from a final judgment on the merits, but from a motion to dissolve a preliminary injunction. It may be well at the outset to review the procedural aspects of the case.
On November 5, 1971, plaintiffs filed their petition seeking an injunction, and in connection therewith obtained from the court a temporary restraining order. The next day, the defendants sought to remove the case to the United States District Court for the Eastern District of Louisiana and filed pleadings to that effect. Upon objection made by the plaintiffs, the United States District Court held a hearing at which it was determined that the case should be remanded to the State Court. Application was then made to the United States Court of Appeal for the Fifth Circuit seeking the exercise of its supervisory jurisdiction to require the United States District Court to take jurisdiction of the matter, but the application was unsuccessful, the appellate court refused to intervene and the suit was returned to the Civil District Court for the Parish of Orleans, where it had commenced.
A supplemental and amended petition was filed on December 3, 1971, which requested the court to extend its protection to other shipowners, charterers and operators similarly situated, apparently converting the original petition into a class action. The defendants filed exceptions of jurisdiction, no cause of action, no right of action, improper use of class action procedure, improper amendment of petition, res judicata and collateral estoppel.
The temporary restraining order was kept in effect from time to time until a trial of the rule for preliminary injunction, which was held on March 6 and 7, 1972. The exceptions were referred to the merits of the rule and were tried at the same time. On March 17, 1972, judgment was rendered by the court, overruling the various exceptions urged as defense, and granting a preliminary injunction against the defendants. It should be noted at this time that there was no request for a new trial nor any appeal taken from that judgment. It should also be noted that there was no immediate issuance of the writ of preliminary injunction because no bond was filed as required, nor had any been issued at the time of the motion to dissolve.
Thereafter, on June 22, 1972, slightly more than 3 months after the judgment, the defendants filed a motion to dissolve the judgment of preliminary injunction, and in the same motion re-urged all of the exceptions previously filed praying for dismissal of the suit. This motion to dissolve was tried on July 7, 1972, and a judgment was rendered on July 10, 1972, denying the motion to dissolve the preliminary injunction of March 17, 1972, and refusing to dismiss the suit. On July 12, 1972, the defendants filed an ex parte application for stay of the preliminary injunction, which was denied by the court. On the same date, the defendants filed an application for writs of certiorari, prohibition and mandamus to this court, and also filed a motion and order for appeal. We refused writs on August 7, 1972, Docket Number 5455. The matter before us now is the appeal.
The appeal is from the judgment of court dated July 10, 1972, denying a motion by the defendants to dissolve a preliminary injunction, granted in a judgment issued on March 17, 1972. Appellants have argued to us all of the issues covered and decided in the judgment of March 17, 1972, as well as all of the new matter brought up in the motion to dissolve. Therefore, our primary inquiry is to determine the scope of this appeal, and the issues before the court.
*25 We refer to the provisions of LSA-C.C.P. art. 3612 as follows:

"* * *
"An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided. * * *."
The matter that is before us is, of course, the judgment of July 10, 1972. See Tharp v. Richardson, 179 La. 285, 153 So. 885 (1934). This judgment arises from the motion to dissolve the preliminary injunction under the provisions of C.C.P. art. 3607. The motion to dissolve has two basic demands, one to dissolve the preliminary injunction, and one to re-iterate the exceptions previously ruled upon, seeking dismissal of the suit. Reference to C.C.P. art. 3612, partly quoted above, indicates that the appeal permissible is from a judgment relating to a preliminary injunction and the motion to dissolve meets this requirement. Tharp v. Richardson, supra.
However, a different rule applies to that portion of the motion re-urging the exceptions seeking to dismiss the suit. Generally speaking, there is no appeal from a judgment overruling exceptions because such a judgment is simply interlocutory in nature. Waters v. Waters, 264 So.2d 275 (La.App. 4th Cir., 1972); Alexander v. Hancock Bank, 241 So.2d 810 (La.App. 3rd Cir., 1970) and Woodcock v. Crehan, 28 So.2d 61 (La.App. 1st Cir., 1946). Additionally, as set forth in this motion, the exceptions previously overruled were simply reargued, in effect an attempt to use the motion to dissolve the preliminary injunction as a procedural vehicle to obtain a new trial on the previous judgment overruling the exceptions. There is no right of appeal from a judgment denying a motion for a new trial. General Motors Acceptance Corp. v. Deep South Pest Control, 247 La. 625, 173 So.2d 190 (1965); Fruehauf Trailer Company v. Baillio, 204 So.2d 139 (La.App. 4th Cir., 1967).
Additionally, the record shows that the judgment of preliminary injunction and overruling of exceptions was dated March 17, 1972. The motion to dissolve was filed June 22, 1972, and the appeal taken July 12, 1972. It is easily seen that both the time for requesting a new trial, and for appeal from the March 17th judgment had long passed. Morris v. Transtates Petroleum, Inc., 234 So.2d 243 (La.App. 2nd Cir., 1970).
We conclude that the only issue before us is whether the judgment of preliminary injunction should be dissolved under the facts and circumstances of the case as it stood at the time of the trial of the motion, and we do not consider the exceptions although they have been argued to us. Similarly, we do not feel it appropriate to consider the merits of the original rule for preliminary injunction. Although there are no codal restrictions as to the time for filing a motion to dissolve nor as to the basis for filing the motion, because of the length of time involved (over 3 months as opposed to the appellate period of 15 days), we do not feel disposed to treat a motion to dissolve as simply a vehicle for a complete new trial. However, we must point out that while that proposition has given us considerable difficulty, we do not necessarily so rule because of the result we reach herein.
We are of the opinion that the motion to dissolve should have been granted because the judgment of preliminary injunction is improper on its face.[1] *26 The judgment reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon plaintiffs furnishing bond in the sum of $5,000, let a preliminary injunction issue herein as prayed for in the original and supplemental petitions against the defendants International Organization of Masters, Mates and Pilots, Henry M. Stegall, Radio Officers Union, Kenneth J. Wright, the American Radio Association, AFL-CIO, [Floyd] J. K. Kepting, National Maritime Union of America, S. D. George, Seafarers International Union of North America, AFL-CIO, and C. J. `Buck' Stephens, according to law."
LSA-C.C.P. art. 3605 states:
"Art. 3605. Content and scope of injunction or restraining order
"An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise."
A comparison of the judgment and art. 3605 clearly shows that the judgment does precisely what the article denounces. The judgment is insufficient to constitute a legal preliminary injunction. See Kelone v. Kelone, 209 So.2d 803 (La.App. 3rd Cir., 1968) for a similar situation relating to a temporary restraining order. The Federal Rule comparable to art. 3605 is Federal Rule 65(d), and it has been similarly interpreted. See 28 U.S.C.A. Rule 65 and Barron and Holtzoff Federal Practice and Procedure, §§ 1436, 1437 esp. footnote (50).
An injunction is a harsh remedy and violation of it carries severe penalties. It is necessary therefore, and our statute requires, that the act sought to be restrained be described in reasonable detail. The use of a motion to dissolve is a proper procedural device to attack the application to defendants of a judgment of preliminary injunction, and in this instance, the motion should have been granted.
In passing, we note that, although this was a preliminary injunction, more than 3 months had elapsed at the time of hearing without plaintiff posting the bond or seeking issuance of the writ of injunction. We are informed in argument that bond was posted and a writ of preliminary injunction issued after the appeal was taken. However, we are not apprised of the basis for the issuance of that writ, or whether it springs from the judgment of March 17, 1972, or was issued after a hearing. See Kelone v. Kelone, supra, and C.C.P. art. 3607. We therefore make no ruling thereon as it does not appear to be part of the record on appeal.
For the reasons above stated, it is ordered that the judgment appealed from, dated July 10, 1972, is annulled and reversed in part as it applies to dissolving the preliminary injunction and judgment is now rendered granting the motion to dissolve the preliminary injunction, decreeing the judgment of preliminary injunction rendered March 17, 1972, null and void, and remanding this matter back to the trial court for such further proceedings as may be appropriate consistent with the views expressed herein. It is further ordered that the judgment appealed from is affirmed in all other respects.
The cost of this appeal shall be borne by appellee. All other costs to await a final determination.
Reversed in part.
Affirmed in part.
NOTES
[1] There were 12 defendants sued and all have appealed. The motion to dissolve was filed by all defendants, but the judgment of preliminary injunction was only issued against 10 defendants, omitting defendants C. E. De Fries and National Marine Engineers Beneficial Association, AFL-CIO. There is not issue raised as to this.