EUGENE E. LEON, Jr., Judge Pro Tern.
This is an action filed by Plaintiff-Ap-pellee for injunctive relief against the Defendant-Appellant, seeking to have the defendant remove a fence which appellee alleges is constructed contrary to an agreement entered into by their ancestors in title.
In the agreement between Walter H. Castay, appellee’s ancestor in title, and Stewart P. Gast, appellant’s ancestor in title, dated April 16, 1952, it was agreed in pertinent part that:
“No building nor portion nor extension thereof shall he erected or permitted to remain within the building setback lines shown on the plan of William L. Case, Surveyor, dated October 1, 1951, a print of which is attached hereto, which plan indicates the building setback lines as located forty-four feet six inches east and thirty-six feet six inches west of the line dividing the aforesaid Lot 14 from the said Lot 15 and running parallel thereto from Jefferson Highway to the River Road. This restriction shall not include marquees nor signs nor sign supports nor public utility structures, any of which may be located outside of the twenty-five foot traffic lane hereinafter described.
“Midway between above building setback lines, and twenty-eight feet distant from each, there is hereby established a traffic lane twenty-five feet in width which shall run from Jefferson Highway to the River Road, and which shall be maintained open to two-way traffic at all times during the existence of this agreement. No parking or other obstruction shall be permitted in this traffic lane.”
* # * * # #
“This agreement contemplates that the building A indicated in re'd on the attached print of survey of William L. Case, Surveyor, or any extension thereof, other than marquees, awnings, signs or sign supports, which is to be constructed on portions of Lots 13 and 14, referred to on the aforementioned plan of William L. Case, Surveyor, as future commercial area, will be located not less than three hundred eighty feet from Jefferson Highway. In the event Gast, his heirs or assigns, should desire to erect a building closer to Jefferson Highway than three hundred eighty feet, the established side building setback line of Lot 14 shall be located forty-four feet six inches west of the east boundary line of said Lot 14 instead of thirty-six feet six inches as hereinbefore provided.”
Our interpretation of the agreement leads us to conclude that appellant may construct a fence, or indeed a “building” consistent with the setback lines delineated therein. However, we disagree as to whether the evidence shows a fence properly located. In this regard we make no ruling herein because the preliminary injunction issued is defective and does not detail the acts sought to be restrained. Thus, any ruling we make would only be dicta and in the nature of an advisory opinion.
*462 The judgment of the trial court is as follows:
“IT IS ORDERED that the said rule be made absolute, and accordingly that a preliminary writ of injunction issue herein, as prayed for, upon the plaintiff furnishing bond, according to law, in the sum of TWENTY FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS.”
Article 3605 of the Louisiana Code of Civil Procedure provides in part as follows :
“Art. 3605. Content and scope of injunction or restraining order.
“An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.”
The judgment of preliminary injunction does not comply with the requirements of Article 3605 and it is insufficient to constitute a legal preliminary injunction. See Allied Navigation Co., Inc., et al. v. International Organization of Masters, Mates & Pilots, 272 So.2d 23 (La.App. 4th Cir. 1973).
Since the judgment is improper on its face and presents no act of appellant for us to examine and pass upon as to its propriety in accordance with the agreement, we simply declare the judgment rendered to be null and void.
Accordingly, it is ordered that the judgment of preliminary injunction appealed from is set aside and decreed null and void, and this matter is remanded back to the trial court for such further proceedings as may be appropriate consistent with the views expressed herein. The costs of this appeal shall be borne by ap-pellee. All other costs to await a final determination.
Reversed and remanded.