STOULIG, Judge.
Bayou Landing Limited, Inc., doing business as Airline Highway Adult Books and Movies, has appealed from a judgment “ * * * permanently enjoining and restraining them, their agents, servants, employees, lessees, or any other person acting under their authority, from selling, distributing, exhibiting and/or displaying obscene materials in and upon the premises located at 3936 Airline Highway, Jefferson Parish, State of Louisiana.”
Appellant claims the trial court erred in (1) overruling an exception of no cause and/or right of action; (2) basing injunc-tive relief on illegally seized evidence; and (3) issuing an injunction which does not describe in reasonable detail the material which is prohibited from being sold, displayed, distributed or exhibited.
The first complaint of error lacks merit. We quote that portion of plaintiff’s petition that states a cause of action with precision and clarity:
“V.
“That the said Bayou Landing Limited, Inc., through its agents, servants, employees and/or any other person acting under its authority, has been conducting the sale of books, magazines and permitting and allowing the viewing of movies at the aforementioned location since on or about June 1, 1975.
“VI.
“That the aforementioned building bearing Municipal Number 3936 Airline Highway, Metairie, Louisiana, has been and is presently used for the sale and viewing of obscene books, magazines, materials, photographs and movies, and obscenity has been and is presently being conducted, carried on, continued and permitted to exist consistently and as a practice for an indefinite period of time.
“VII.
“That the sale and viewing of the aforementioned books, magazines, materials, photographs and movies is open to the public in general and such exhibition outrages decency, shocks humanity and is contrary to the good morals of the people of this Parish.
“VIII.
“That the display and exhibition of books, magazines, materials, photographs and movies amounts to hard core sexual conduct and is in violation of Louisiana Revised Statutes 14:106, Page 2, et seq.
“IX.
“That an investigation has been made by the Sheriff’s Office for the Parish of Jefferson, and more particularly, on January 9, 12, 13, 14 and 16, 1976. Deputy Sheriffs visited the premises located at 3936 Airline Highway, observed numer *26 ous magazines, books, photographs, materials and movies which depicted sexual intercourse, homosexual and lesbian activities along with acts of sadism and masochism.
“X.
“That most if not all said books, magazines, materials, photographs and movies were located within the plain view of the public.
“XI.
“That some magazines depict oral copulation on the front cover of said magazines and sexual intercourse on the reverse thereof.
“XII.
“That the sale, distribution, exhibition and/or display of obscene materials amounts to the maintenance of a nuisance in and upon the building located at 3936 Airline Highway and that said maintenance of said nuisance has been and is presently being conducted by the defendants, BAYOU LANDING LIMITED, INC., d/b/a AIRLINE HIGHWAY ADULT BOOKS AND MOVIES and by and with the apparent consent of the owner of said property, HARRIS T. LAS-SERE.
“XIII.
“That petitioner herein is proceeding against the defendants under the provision of Louisiana Revised Statutes 13:4711, et seq., to abate the actions of the defendants which amount to a public nuisance.”
These allegations are sufficient to state a cause of action under R.S. 13:4711, et seq., which declares obscenity, as defined by R.S. 14:106, a public nuisance. Under R.S. 13:4712, certain designated parish officials are authorized to petition by civil proceeding for an injunction directing the person or company violating the obscenity laws to cease and desist. The petition fully apprises appellant of the nature of the action and need not enumerate the title and description of every one of the myriad of publications and films it seeks to enjoin the defendant from selling or displaying. The pleading states that the material sold and exhibited in defendant’s bookstore “ * * outrages decency, shocks humanity and is contrary to the good morals of the people of this Parish.” It describes in detail the nature of the activities depicted that are defined as obscenity by Louisiana’s Criminal Code. We hold it was proper for the district court to overrule the no cause of action exception. As to the no right of action plea, appellant has made no serious contention the parish attorney lacks capacity to act; therefore, we assume the term “no right of action” is treated by defense counsel as synonymous with “no cause of action.”
The second complaint of error is that the trial court admitted evidence that should have been suppressed because it was illegally seized. Because this is not a criminal matter, the Fourth and Fifth Amendment arguments relating to illegal search and seizure and self-incrimination, quoad admissibility of evidence, are not relevant. In a civil action, obscene material may be seized prior to the initiation of the suit to enjoin the sale or display of the allegedly offensive material if the statute under which it is seized provides for: (1) an adversary proceeding in which it may be judicially determined whether the material in fact is obscene, and (2) a speedy determination so that the material in question cannot be withheld from its owner for a lengthy period while the judicial machinery operates to a final conclusion. Gulf States Theatres of La., Inc. v. Richardson, 287 So.2d 480 (La.1973), declared the predecessor statutes to those we now consider unconstitutional, because, inter alia, the owner of the confiscated material had no opportunity to be heard before a preliminary injunction was granted and the delay involved in appellate review was a potential source of great monetary loss and deprivation of property to the owner of the material taken.
As amended, R.S. 13:4711, et seq., corrects the constitutional deficiencies noted in Gulf States Theatres. R.S. 13:4713 makes available a preliminary hearing within 24 hours of the time notice of the petition for injunction has been served. If a *27 permanent injunction is issued by the trial court, the party enjoined may appeal sus-pensively and the court of appeal is directed to hear the matter as expeditiously as possible. The amendment obviates the problem of unconstitutional deprivation of property.
In this case on June 2, 1976, vice squad detectives of the Jefferson Parish Sheriff’s Office, armed with a search warrant, confiscated numerous magazines, books, movies and artificial apparatus used in various sexual activities from the Airline Highway bookstore. On June 4, 1976, this suit was filed, its allegations of obscenity based primarily on the material seized two days before. Appellant was cited to show cause why it should not be enjoined from continuing to sell and display obscene materials. On June 10, 1976, this pleading was served on defendant’s appointed agent for service of process. On June 28, 1976, defendant filed a motion to continue this rule for injunction and as a result the case was continued to July 14, 1976, when it was heard. Presumably defendant would have been entitled to insist on a hearing on June 11, but instead it chose to postpone the initial hearing. A speedy adversary hearing being available to defendant, the constitutional requisite as set forth in Gulf States Theatres is met. Therefore we conclude the evidence seized in the June 2, 1976 raid was validly before the court and its use as evidence to enjoin defendant’s activities violates no constitutional guarantees as to the person or property of the defendant.
As to the evidence itself, there is no question that the books, magazines and movies typify the hard core pornography sold at the bookstore. The theme stated and restated by the voluminous evidence is depravity and perversion repugnant to good conscience and detrimental to public morals. The trial court viewed what was stipulated to be movies representative of the entire stock confiscated and concluded they were obscene. So did we. We are convinced “ * * * that the average person applying contemporary community standards would find that the conduct, taken as a whole, appeals to the prurient interest; and the hard core sexual conduct, as specifically defined herein, is presented in a patently offensive way; and the conduct taken as a whole lacks serious literary, artistic, political or scientific value.” (R.S. 14:106, subd. A(2)).
Defendant makes no attempt to justify the filth confiscated as a work redeemable by a claim of artistic value or scientific worth. Indeed it would be ludicrous to argue these materials could make any wholesome contribution to society. The contents of the magazines, books and film are designed to appeal to, among others, those persons obsessively interested in lascivious conduct. They depict sexual perversion in the ultimate in all of its forms—the intent is and the result is hard core pornography.
What defendant does attack is the lack of specificity in the judgment of injunction. Appellant points out C.C.P. art. 3605 requires a valid injunction to describe in reasonable detail the act or acts sought to be restrained. See Allied Nav. Co., Inc. v. International Org. of M., M. & P., 272 So.2d 23 (La.App. 4th Cir. 1973).
As the judgment is now cast it reads:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the Parish of Jefferson and against defendant, Bayou Landing Limited, Inc., d/b/a Airline Highway Adult Books & Movies, permanently enjoining and restraining them, their agents, servants, employees, lessees, or any other person acting under their authority, from selling, distributing, exhibiting and/or displaying obscene materials in and upon the premises located at 3936 Airline Highway, Jefferson Parish, State of Louisiana.”
We agree the order should be more specific and, based on the evidence before us, we recast the injunction to prohibit the continued violation of those sections of R.S. 14:106 in the language of the act itself. After its predecessor statute was declared unconstitutional by the Louisiana Supreme Court in State v. Shreveport News Agency, *28 Inc., 287 So.2d 464 (1973), because it was not sufficiently specific in its definition of obscenity, the applicable section of the criminal code was amended to incorporate what the United States Supreme Court cited as a constitutionally acceptable regulation in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), viz:
“We emphasize that it is not our function to propose regulatory schemes for the States. That must await their concrete legislative efforts. It is possible, however, to give a few plain examples of what a state statute could define for regulation under part (b) of the standard announced in this opinion, supra:
(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.
(b) Patently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.”
Obscenity is a form of expression not protected by the First Amendment. Gulf States Theatres v. Richardson, supra; Quantity of Copies of Books v. State of Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). The material displayed by and sold by defendant falls within, the definition of obscenity in R.S. 14:106. If, as defendant suggests, we must limit our injunction to particular items by describing each title, this would render it impossible for the State to enforce its prohibition against selling and/or displaying obscene material. It is within the power of the judiciary to enjoin the continued sale and display of hard core pornography. It is sufficient for injunctive purposes to designate or describe in the order the particular conduct, the portrayal of which, either pictorially or in writing, would constitute hard core sexual conduct. In recasting the judgment of the trial court we point out that defendant should have no difficulty complying with this order because the type of obscene activities it may no longer exploit for commercial purposes are explicitly defined.
Accordingly it is ordered that there be judgment in favor of the Parish of Jefferson and against the defendant Bayou Landing Limited, Inc., doing business as Airline Highway Adult Books and Movies, enjoining and restraining it, its agents, servants, employees, lessees, or any other person acting under its authority from selling, distributing, exhibiting or displaying for commercial gain obscene materials depicting the following activities defined by R.S. 14:106 as hard core sexual conduct:
“(a) Ultimate sexual acts, normal or perverted, actual, simulated or animated, whether between human beings, animals or an animal and a human being; or
“(b) Masturbation, excretory functions or lewd exhibition, actual, simulated or animated, of the genitals, pubic hair, anus, vulva or female breast nipples; or
“(c) Sadomasochistic abuse, meaning actual, simulated or animated, flagellation or torture by or upon a person who is nude or clad in undergarments or in a costume which reveals the pubic hair, anus, vulva, genitals or female breast nipples, or the condition of being fettered, bound or otherwise physically restrained, on the part of one so clothed; or
“(d) Actual, simulated or animated, touching, caressing or fondling of, or other similar physical contact with, a pubic area, anus, female breast nipple, covered or exposed, whether alone or between humans, animals or a human and an animal, of the same or opposite sex, in an act of apparent sexual stimulation or gratification; or
“(e) Actual, simulated or animated stimulation of a human genital organ by any device whether or not the device is designed, manufactured and marketed for such purpose.”
Appellant is to pay all costs.

AMENDED AND AFFIRMED.