BOUTALL, Judge.
Two police officers of the City of New Orleans brought a petition for injunctive and/or declaratory relief against the Civil Service Commission complaining of unfair scoring on a promotional examination ftir the rank of Police Sergeant, and praying that the regulation for computing scores be changed and that they be ordered to be promoted. The trial court rendered judgment in their favor, and the- Commission has appealed.
Ronald J. Cannatella and Howard P. Robertson were initially enrolled in the Police Department of the City of New Orleans under a program which permitted persons under 20 years old to be enrolled as a “police cadet”. This program was initiated with a view to enabling the police to recruit younger members of the community and interest them in a police career prior to the established age requirement of 20 years for enrollment as a regular policeman. Both successfully completed their service as police cadets and were enrolled as patrolmen at the age of 20 years. Thereafter they continued to serve for a number of years and took a promotional examination in November, 1976 to qualify on the promotional list for advancement to the rank of Police Sergeant. The applicants were ranked according to a weighted formula which considered both the score made on the test as well as a score for length of time in grade. Robertson received a score of 73.54 and was ranked 138 on the promotion list, Cannatel-la received a score of 74.55 and was placed 115th. The basis of their suit is that neither was granted any credit for time in service as a police cadet, and that had such credit been granted under the formula used in computing the score, that each would have been advanced up the promotional list, and would have been by now promoted to sergeant.
The first problem that is presented is the nature of the relief sought and granted in the trial court’s judgment. The petition sought both injunctive and declaratory relief. The judgment rendered decreed “that a permanent writ of injunction issue *1280 herein, as prayed for, according to law, and that the declaratory relief prayed for herein be granted.” On its face, that judgment is contrary to the requirements' of Code of Civil Procedure Article 3605 which requires an injunction order to “describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.” See for comparison Allied Navigation Company, Inc. v. International Organization of Masters, Mates and Pilots, 272 So.2d 23 (La.App. 4th Cir. 1973) and Van Vrancken v. Roy, 296 So.2d 460 (La.App. 4th Cir. 1974). The judgment appealed is a final injunction, but it is ineffective because of its insufficiency in describing the act sought to be restrained. If the appealed judgment was composed entirely of injunctive relief, we would remand this matter back to the trial court for further proceedings. However, we still have before us the issue of the declaratory relief, and we are informed in argument that the effective date of the promotional list will soon expire.
Petitioners prayed for the following declaratory relief: To declare legally void and unreasonable the rule whereby the Commission refuses to give the police officers any credit for time and service as police cadets, for rating on the promotional examination, to recognize them as qualified for promotion to the rank of police sergeant; and order them to be promoted retroactive to the time they would have been qualified for and promoted to the rank of police sergeant.
Although the trial judge in his reasons for judgment and statements from the bench does not indicate that his decree would encompass such far ranging relief, nevertheless, his decree, is controlling of the relief granted.
 The primary issue is the legality and fairness of the requirements of the promotional examination. The Louisiana Constitution of 1974 in Article 10 sets up a system of Civil Service generally, and Sections 7 and 10 grant the City Civil Service Commission the authority to make and adopt rules for regulating employment and promotion and for the method of certifying persons eligible for appointment and promotion. In the City of New Orleans, Rule 5 § 2.4 imposes upon the Director of the Department of Civil Service the duty to fix the requirements and qualifications. The general rule is that the reasonable discretion of administrative boards will not be set aside in the absence of proof of an abuse of such discretion. Toye Bros. Yellow Cab Company v. City of New Orleans, 264 So.2d 768 (La.App. 4th Cir. 1972.) The courts should not interfere with the bona fide judgment of such a board based upon substantial evidence. State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (La.1943); Celestine v. Lafayette Parish School Board, 284 So.2d 650 (La.App. 3rd Cir. 1973). The decision cannot be considered arbitrary unless the setting was made without reasons or reference to relevant considerations. Arbitrariness is the absence of a rationale basis. Graffeo v. City of New Orleans, 351 So.2d 1311 (La.App. 4th Cir. 1977). We are of the opinion that the trial judge erred in not applying these basic rules, but instead substituted his opinion for that of the Civil Service Commission and its Director.
In its announcement relating to the promotional examination for police sergeant, the Director, approved by the Commission, made certain experience rating requirements. The announcement set minimum requirements which were three years of service in the police class and stated the police classes were: Police Officer, Police Woman and Desk Sergeant. The Commission then offered a further explanation of the rating of experience by granting credits up to a maximum of 10 years with a weight of two points for the class of Desk Sergeant and a weight of one point for each year as a police patrolman, police officer or policewoman, to be computed on a weighted basis according to a formula. No credit was granted for service as a police cadet, and it is this point which these two officers, who were formerly cadets, contest.
The evidence shows that the class of police cadet was started in 1967 as a method *1281 of. attracting young men in their late teens, between the ages of 17 and 20 to serve as cadets until they could achieve the age of 20, at which time they would be appointed as police patrolmen provided they had kept up with the qualifications of the program. These young men were to enter a training class in which each would be an employee and receive instructions, orientations and training to prepare nim for work as a police patrolman, both by on the job training in various offices and bureaus and by entering into the college curriculum at Loyola University leading to a degree in criminology. It was recognized at that time that this new class of police cadet would be different from that of police patrolman (to which he could be promoted after his 20th birthday) in that the cadet did not receive a police commission, that he could not carry a gun, nor did he have the arrest powers of a regular policeman. A cadet’s work assignment consisted partly of on the job training and partly of pursuing the college curriculum. There is evidence in the record which shows that in certain of these job functions, the cadet did substantially the same duties as did a police patrolman, however, this showing is made only in several instances, and not in the overall duties generally engaged in by policemen.
The trial judge found that the duties of a cadet were approximately the same as the duties and responsibilities of a police recruit or probationary officer. The evidence shows however that the classification of police recruits was not begun until after the promotional announcement had been promulgated, and after the classification of police cadet had been dropped and the program terminated. During the existence of the cadet program, there was no classification of police known as police recruit, but these were simply police officers who upon being commissioned were given training in the police academy. The evidence offered by the defendant Commission shows that there was a rational ■ consideration of the establishment of these police classes and the requirements for each. This evidence is not directly disputed, it being contended only that the cadet did similar duties in practice. It is this juxtaposition of the evidence that leads us to conclude that the decision of the trial court is a substitution of his judgment for that of the Commission.
Accordingly, we are of the opinion that the judgment appealed is in error and we reverse it. The remaining issues as to the ordering of these officers’ retroactive appointment as desk sergeant necessarily fall with our determination that we see no arbitrary classification by the Civil Service Commission. Nevertheless, we feel constrained to point out that there is no evidence in the record which would show how the other candidates would fare under the new credits sought to be granted by the trial court, nor could it be guaranteed that these plaintiffs would have been appointed. See Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir. 1972).
The judgment appealed from is reversed and there is now judgment in favor of defendants, dismissing plaintiffs’ demands •at their cost.

REVERSED AND RENDERED.

GULOTTA, J., concurring with CHE-HARDY, J., joining.
GARRISON, J., dissenting.