470 So.2d 469 (1985)
MAYEAUX'S FOOD AND SPORTING GOODS, INC.
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HUMAN RESOURCES.
No. CA 84 0399.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*470 Jerold Edward Knoll, Marksville, for plaintiff-appellee.
Phillip H. Kennedy, Staff Atty., Office of Counsel, Dept. of Health and Human Resources, New Orleans, for defendant-appellant.
Before GROVER L. COVINGTON, C.J. and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This appeal is from a trial court decision which reversed the administrative findings and decision of the Department of Health and Human Resources (Department), which had disqualified Mayeaux's Food and Sporting Goods, Inc. (Mayeaux's) as a participant in a federally funded food supplemental program. From an adverse judgment the Department appeals.

FACTS
The Office of Health and Environmental Quality, an office within the Department of Health and Human Resources, administers a federally regulated program entitled "Special Supplemental Food Program for Women, Infants and Children" more commonly known as the "WIC" program. The purpose of the program is to assist pregnant, postpartum and breast-feeding women, and infants and young children with inadequate income to obtain sufficient nutrition and health care, by providing supplemental foods and nutrition education.
Persons meeting the eligibility requirements for the program are issued vouchers for the purchase of specified food items, which foods are listed on the voucher's reverse side. The vouchers are then redeemed for the specific food items at retail stores which have previously been certified as a WIC program participant. Mayeaux's has been approved and certified as a participating retailer, and accepts and redeems WIC vouchers.
On October 7, 1982, Ms. Willie Butler, acting in conjunction with a WIC program investigation of Mayeaux's, was given a voucher to redeem at Mayeaux's. Ms. Butler purchased various items with the voucher, a number of which were unauthorized under WIC regulations and in violation of the program's rules. On October 19, 1982, Ms. Butler was issued two additional vouchers which she also redeemed at Mayeaux's. As in the previous instance, a number of unauthorized items were purchased. Under the rules governing the program, a participating vendor who provides unauthorized foods in lieu of authorized foods, is subject to sanctions to be determined by the implementing state agency.
As a result of these two instances, the Department notified Mayeaux's that the store was disqualified from participating in the WIC program for a period of one year. Mayeaux's filed an administrative appeal, and the appeals section of the Department upheld the decision and sanction. Having exhausted all administrative remedies, Mayeaux's then sought judicial review by the Eighteenth Judicial District for the Parish of Pointe Coupee. The district court found the sanction to be arbitrary and excessive, and reversed the agency's findings and decision. The Department then perfected the present appeal for us to review the decision of the district court.

*471 ASSIGNMENTS OF ERROR
In its appeal to this court, the Department alleges the following as errors committed by the district court:
(1) in concluding that the sanction against Mayeaux's was arbitrary and excessive;
(2) in concluding that the sanction was imposed by the Department without considering certain factors enumerated in the federal regulations which govern the WIC program;
(3) in concluding that the sanction imposed might present significant hardship for program participants; and
(4) in not modifying the sanction or remanding the case for a new sanction, after the court concluded that a lesser sanction was mandated.

STANDARD OF REVIEW BY THE DISTRICT COURT
At the outset, we must set forth the appropriate scope of review by a district court in reviewing the findings of an administrative agency. The general principle governing such review is that, if the evidence, as reasonably interpreted, supports the agency's determinations, then the agency's orders are accorded great weight and will not be reversed or modified in the absence of a clear showing that the administrative action is arbitrary and capricious. Summers v. Sutton, 428 So.2d 1121 (La. App. 1st Cir.1983).
At this point, it is worthy to note that the question of whether Mayeaux's actually violated the program regulations is not before us. The district judge concluded that although Mayeaux's had violated the program regulations, the sanction imposed by the Department was arbitrary and excessive. The district judge reversed the Department's sanction and the Department appealed. Mayeaux's has not answered the appeal nor appealed separately and as such the question as to whether violations actually occurred is not before us.

ASSIGNMENTS OF ERROR NUMBERS 1, 2, AND 3
The WIC program is regulated by federal law and administered in Louisiana by the Department of Health and Human Resources. The applicable federal law can be found at 7 C.F.R. § 246. Of particular relevance to this case is section 246.10 which governs the distribution aspect of the program and provides for the sanctioning of retailers who violate the program's rules. These rules provide a maximum period for sanctioning a violator, but the length of the sanction, within the maximum, is left to the discretion of the state agency.
In 1982, the rules governing the sanctioning of participating retailers who violate the program rules were amended. The effective date of the amendment was May 28, 1982 and the states were given until May 28, 1983 to implement the changes. Among other things, the maximum period for sanctions and the factors to be considered in determining the length of sanctions were changed. Under the pre-amendment rules, the state was given the discretion to suspend a retailer's participation in the program for a period of up to one year, and the only consideration was "whether a suspension would create undue hardships for participants" in the program. 7 C.F.R. § 246.10(d)(7)(i) (amended 1982). Under the post-amendment version, the state agency has discretion to render penalties for a reasonable period of time, up to three years, and a number of factors are set forth as considerations in determining the length of the suspension. 7 C.F.R. § 246.10(k)(1).
The trial judge was of the opinion that the Department was bound by the post-amendment rules, and that the failure of the Department to consider the enumerated factors rendered the sanction arbitrary and excessive. On the other hand, the Department now contends that the pre-amendment rules govern, as the amendments had not yet been implemented by Louisiana and the Department. As such, the Department contends that the only factor to consider *472 was whether the disqualification of Mayeaux's would create undue hardships on local participants, which it did consider and concluded that no hardships would result.
In the administrative appeal, the administrative law judge applied the pre-amendment regulations and upheld the sanctions. We agree. The violations occurred in October, 1982, well within the implementation period. Mayeaux's was informed of the sanctions in December 1982, also well within the period. Mr. Thomas Payton, store monitor for the program, testified that at the times of the violations, the Department was still operating under the pre-amendment rules, and had yet to implement the amendments. Since the post-amendment version of the regulations were not yet in effect, the district court was in error in applying the post-amendment factors in its review of the agency's decision.
The only factor to be considered was whether the disqualification of Mayeaux's for one year would create undue hardships on program participants in the area. The administrative law judge found, as a fact, that the Department had considered this factor and that no undue hardships would result. Mr. Payton, the store monitor who visits all of the participating stores and who determined the length of the sanction, testified that he considered the impact on participants if Mayeaux's was suspended. He felt that no hardships would result because there were a number of other participating retailers who could adequately serve the needs of the participants, which retailers were located in the same vicinity as Mayeaux's.
The determination by the administrative law judge, although contested at the hearing, was adequately established in the record, and was not arbitrary or capricious. As such, the district judge was in error in reversing this factual conclusion of the administrative law judge.

ASSIGNMENT OF ERROR NUMBER 4
In this assignment of error, the Department contends that the district court erred in not modifying the sanction or remanding the case for the determination of a new sanction, after it concluded that the one year sanction was excessive, and that a lesser sanction was mandated.
Since we have already concluded that some sanction was appropriate, we must now determine if the one year sanction was adequate for this case.
The federal regulations in effect at the time of Mayeaux's violations require the state to suspend retailers who provide unauthorized foods to participants "for a reasonable period of time, not to exceed one year ..." 7 C.F.R. 246-10(d)(7)(i) (amended 1982). What constitutes a "reasonable period of time" is left to the discretion of the administrative agency.
In addressing this issue, the administrative law judge stated the following:
Considerable latitude must be allowed to public agencies to perform functions delegated to them under law and courts should not intervene unless such conduct is clearly unreasonable and arbitrary. [Concerned Citizens of Rapides Parish vs. Hardy, 397 So.2d 1063 (1981)]
. . . . .
In a given situation, an administrator, vested with authority to exercise discretion, is free to exercise that discretion as he sees fit as long as the exercise of that discretion is within the range of permissable (sic) legal limits, is rational and not arbitrary or capricious. Different administrators may, with equal legal validity, reach different decisions on the same matter.
The imposition of an administrative sanction such as disqualification in the WIC Program, is in the nature of a disciplinary measure. In deciding what, if any, discipline to impose, an administrator, or administration, may, within the range of permissable (sic) discretionary limits, be strict, moderate or lenient; and in the exercise of that discretion, the choice of the administration, or of an administrative *473 official carrying out administrative policy, defines that administration's political philosphy, its priorities and emphasis. Such decisions distinguish one administration from another, and in part, determines its unique character and reputation. Unless arbitrary, such discretionary decisions must be upheld.
We see no reason not to adopt this policy as our own. "Arbitrariness" has been defined as the absence of a rational basis. Cannatella v. City Civil Service Commission of the City of New Orleans, 381 So.2d 1278 (La.App. 4th Cir.1980), writ refused, 384 So.2d 793 (La.1980).
In the instant case, we cannot say that the one year sanction, although seemingly strict under the federal rules, was imposed without a rational basis. Mr. Payton testified that he decided on a one year sanction because of the severity of the violations. The violations occurred on two separate occasions and involved the exchange of three vouchers. In addition, Mr. Payton testified that the second violation involved the purchase of thirty-seven ineligible items with the vouchers. Based on the above, we conclude that a rationale basis did exist to disqualify Mayeaux's from participation in the program for a one year period.
Since we conclude that the one year sanction was not arbitrary or capricious we need not determine whether the trial court should have rendered a lesser sanction or remanded the case for determination of a new sanction. Suffice it to say that under limited circumstances he has the authority to do so. See La.R.S. 49:964 G.
For the above and foregoing reasons the judgment of the district court is reversed, and the judgment of the appellate section of the Department of Health and Human Resources is reinstated. Plaintiff-appellee is to pay all costs of this appeal in both the trial court and in this court.
REVERSED AND RENDERED.