WARD, Judge.
Craig J. Schwartz filed suit in District Court petitioning the District Court to reverse a ruling of the Louisiana State Racing Commission. The District Court rendered judgment in favor of the Commission and Schwartz appeals that judgment which upheld a Louisiana State Racing Commission ruling suspending his track veterinarian license. We affirm the judgment of the District Court.
On October 19, 1989 the Stewards of Louisiana Downs found that Mr. Schwartz violated racing rules by not keeping records of the use of controlled substances and by operating with an expired U.S. Drug Enforcement Agency registration. The Stewards suspended his track privileges from October 19, 1989 through November 1, 1989, and referred the matter to the Louisiana State Racing Commission for further consideration.
The Racing Commission conducted a hearing on February 21, 1990, upheld the Steward’s ruling suspending Schwartz, but modified it to increase the penalties by suspending his license for one year and denying him access to all race tracks and off track betting facilities under the Commission’s jurisdiction.
When one is aggrieved by a final decision in an adjudication proceeding, the party is entitled to judicial review under the Administrative Procedure Act R.S. 49:964(A). But the scope of review is limited to the record. R.S. 49:964(F). See Buras v. Board of Trustees of Police Fund of New Orleans, 367 So.2d 849 (La.1979).
Where an administrative agency or hearing body is the trier of fact the Courts will not review the evidence before such body except for the following limited purposes: (1) to determine-if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether the fact findings of the body were supported by substantial evidence; and (3) whether the hearing body’s conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body’s discretion. Allen v. LaSalle Parish School Board, 341 So.2d 73 (La. App. 3 Cir.1977).
The reasonable discretion of the administrative body will not be set aside unless there is an abuse of its discretion. Cannatella v. City Civil Service Commission of New Orleans, 381 So.2d 1278 (La. App. 4 Cir.1980) writ den. 384 So.2d 793. The issue of credibility of witnesses is a matter addressed to the Commission and not for the court. Hanson v. Louisiana State Racing Com’n, 436 So.2d 1308 (La. App. 4 Cir.1983). However, the courts have ultimate duty to determine whether the findings of the administrative body are supported by sufficient evidence. Jacomet v. St. Landry School Board, 386 So.2d *1363 1056 (La.App. 3 Cir.1980) writ den. 393 So.2d 745.
In this case, after a review of the record, the District Court found the law and evidence to be in favor of the Commission.
Schwartz, recognizing the limited scope of judicial review of factual findings, contends that the Commission’s ruling was based on an erroneous application of the law. He argues that La.R.S. 4:152 provides the exclusive grounds for revoking a license relying on Durham v. Louisiana State Racing Commission, 449 So.2d 475 (La.1984) for the position that once a license has been issued it can be revoked or suspended only for the reasons given in R.S. 4:152. Schwartz contends that the Commission erred by suspending his license because the alleged improper behavior occurred prior to the issuance of his license, and that his previous conduct, which may have been conduct sufficient to have denied him a license, cannot now be considered as a reason for revocation.
We disagree. We conclude from our review of the record that the District Court did not err in affirming the decision of the Racing Commission. Substantial evidence exists to support the Commission’s findings. The conclusion drawn from these findings by the Commission was not arbitrary and did not constitute an abuse of discretion.
Some of the facts that support the Commission’s findings were provided by Donna Dombourian, Diversion Investigator with the Drug Enforcement Administration in New Orleans. She testified that in 1987, using an expired DEA number, Schwartz purchased large quantities of controlled substances: 2,100 Diazepam tablets (Valium), 1,000 Diethylpropion Hydrochloride, and 2,000 Phentermine Hydrochloride tablets. The amount of Diazepan was considered excessive because of its very limited use in veterinarian medicine and there is virtually no use for Diethylpropion and Phentermine Hydrochloride because these are diet pills. Ms. Dombourian questioned Schwartz about the drugs and he said he ordered the diet pills for himself but took only two or three and discontinued their use. He denied selling the drug but could not account for the remainder of the tablets, explaining several people had access to his apartment and may have removed them. He stated that he ordered the Valium as a favor for his drug sales representative to use as samples. Ms. Dombourian interviewed the sales representative who denied Schwartz’s assertions.
As a result of DEA investigations, Schwartz was charged with and convicted of misdemeanor drug violations in a United States District Court.
The Stewards’ report showed that Schwartz failed to provide a list of medication he administered.
LAC 35:1723 requires a veterinarian practicing at race tracks in Louisiana to accurately record all medications administrated and to make those records available to racing officials on request.
R.S. 4:152 lists the grounds for denial or termination of racing privileges, and one of the grounds constituting “just cause” under R.S. 4:152 is any unlawful act by the permittee. Schwartz’s failure to keep accurate records, his inability to produce them, and his conviction of a violation of federal law are “just cause” within the meaning of R.S. 4:152.
Furthermore, arid most damaging to Schwartz, is his application for a 1989-1990 Louisiana Downs license which is dated July 1, 1989. In answer to question “i” which reads:
i. Have you (or your spouse) ever been (1) arrested or indicted, (2) pleaded guilty, pleaded nolo contendere, been found guilty, or been convicted, or (3) forfeited bail or been fined for any criminal offense, either felony or misdemean- or (except traffic violations other than driving under the influence of intoxicating liquor)?
He responded “No”, in the teeth of his conviction in United States District Court *1364 two weeks earlier, June 13, 1989. The certification clause on the application which appears above Schwartz’s signature clearly says that “any misstatement or omission in this application may result in license revocation.”
The Commission’s factual findings and rulings were supported by the record, and the trial court judgment is entirely correct. For the foregoing reason, the judgment of the District Court is affirmed. All costs of the appeal are assessed to appellant, Craig J. Schwartz.
AFFIRMED.