436 So.2d 1308 (1983)
Charles HANSON
v.
LOUISIANA STATE RACING COMMISSION.
No. CA-0579.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
Rehearing Denied September 22, 1983.
Raleigh Newman, Lake Charles, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for defendant-appellee.
Before GULOTTA, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Charles Hanson appeals from a judgment of the district court affirming a decision of the Louisiana State Racing Commission. We affirm.
On May 7, 1982 the Stewards for Delta Downs in Vinton, Louisiana issued Order # 54 against the plaintiff, an owner and trainer of race horses. The Stewards found that Mr. Hanson had violated LAC 11-6:48[1] and they suspended him and revoked *1309 his privileges for the duration of the suspension. The matter was referred by the Stewards to the Louisiana State Racing Commission for whatever action they deemed necessary.
A hearing was conducted before the Commission on June 24, 1982. Following the hearing, the Commission voted, by a 3 to 2 margin, to affirm the Steward's ruling. In addition, they revoked the plaintiff's trainer's license for life and fined him $5,000.
On November 23, 1982 the district court affirmed the ruling of the Louisiana State Racing.
The sole issue presented on appeal is whether the district court erred in affirming the Louisiana State Racing Commission's finding that Charles Hanson was guilty of fraud.
The appellant contends that his registration of the wrong horse at Delta Downs resulted from a mistake of fact and not from fraud.
When one is aggrieved by a final decision in an adjudication proceeding, he is entitled to judicial review under the Administrative Procedure Act. R.S. 49:964(A). See: Buras v. Board of Trustees of Police Fund of New Orleans, 367 So.2d 849 (La., 1979). Generally, the scope of review shall be confined to the record. See: Buras v. Board of Trustees of Police Fund of New Orleans, supra. The standard for the review of evidence in such cases is set forth in Allen v. La Salle Parish School Board, 341 So.2d 73 at 75 (La.App., 3rd Cir., 1977):
The jurisprudence of our state is abundantly clear that where an administrative agency or hearing body is the trier of fact the courts will not review the evidence before such body except for the following limited purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Stewart v. East Baton Rouge Parish School Board, 251 So.2d 487 (La.App. 1st Cir.1971); Moffett v. Calcasieu Parish School Board, 179 So.2d 537 (La.App. 3rd Cir.1965); Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326 (La.App. 3rd Cir. 1962).
The reasonable discretion of the administrative body will not be set aside absent an abuse of discretion. Cannatella v. City Civil Service Commission of New Orleans, 381 So.2d 1278 (La.App., 4th Cir., 1980) writ den. 384 So.2d 793. The issue of credibility of witnesses is a matter addressed to the Commission and not for the court. Jacomet v. St. Landry School Board, 386 So.2d 1056 (La.App., 3rd Cir., 1980) writ den. 393 So.2d 745. However, the courts have the ultimate duty to determine whether the findings of the administrative body are supported by sufficient evidence. Jacomet v. St. Landry School Board, supra.
In the instant case, the district court, after review of the record, concluded that the Commission's findings of fact were supported by the evidence and the legal conclusions were correct as a matter of law.
The Commission's findings are as follows:
"After considering the pleadings, evidence, witnesses and arguments of counsel, the Commission finds as follows:
That Charles W. Hanson, hereinafter known as Hanson, is a licensed owner/trainer under the jurisdiction of this Commission, license number 20750, issued at Delta Downs (Quarterhorse) Race Track on July 1, 1981.
That, as reflected by the license application, Charles W. Hanson agreed to abide by and obey the rules, regulations and *1310 conditions of the Louisiana State Racing Commission and the statutes and laws of the State of Louisiana.
That on and before April 15, 1982, Hanson was the owner/trainer of the horse FINISHED KAJUN which was entered in and scratched from the third race on April 15, 1982 at Delta Downs (Quarterhorse) Race Track.
That FINISHED KAJUN was scratched from the aforesaid race by the stewards because of violating rule LAC 11-6:48 of the Rules of Racing.
That the stewards conducted a hearing on April 15, 1982 and considered the horse inelligible until said matter was cleared up.
That the Racing Secretary received a temporary restraining order allowing Hanson to enter FINISHED KAJUN in the Louisiana Breeders' Laddie Futurity, which stayed the effects of the stewards' action.
That documents and affidavits secured from the University of California reflected that the horse was improperly tattooed as FINISHED KAJUN.
That the horse improperly tattooed as FINISHED KAJUN was, in fact, DINNER AT EIGHT (purchased by Hanson on February 18, 1982), and not a Louisiana Bred Horse. Blood samples taken from said horse on April 14, 1982 further verified the identity of the horse as being DINNER AT EIGHT. The aforesaid race was restricted to only Louisiana Bred Horses.
That consequently, the temporary restraining order was dissolved and the horse, FINISHED KAJUN, was impounded and placed on twenty-four hour guard.
That another hearing of the stewards was called on May 6, 1982 to continue the matter of Hanson. Hanson was later advised that he would be suspended for fraudulently registering a horse and referred to the Louisiana State Racing Commission. Hanson was also informed that he would have to dissolve his stables immediately with bona fide transfers.
That after the aforesaid hearing, the stewards handed down ruling number 54, dated May 7, 1982, which charged Hanson with violation of LAC 11-6:48 which ruling suspended the trainer and his case referred to the Commission for whatever judgment they deemed necessary.
That the stewards were within their authority to issue ruling number 54 against Hanson and acted in accordance with law and the Rules of Racing and that Hanson was not illegally denied or deprived of any of his rights.
That Hanson registered the horse DINNER AT EIGHT as the horse FINISHED KAJUN, had knowledge of these facts, had the intent to do so and, therefore, violated LAC 11-6:48."
We conclude, from our review of the record, that the trial court did not err in affirming the decision of the Louisiana State Racing Commission. Substantial evidence exists to support the findings of the Commission. The conclusion drawn from these findings by the Commission, namely that the defendant was guilty of violation of LAC 11-6:48, was not arbitrary and did not constitute an abuse of discretion.
Although the defendant argues that his registration of Dinner at Eight as the horse Finished Kajun resulted from a mistake of fact, the record supports a finding that the defendant possessed the requisite scienter needed for fraud.
The record reveals that on March 30, 1982, Charles Hanson presented foal papers of a horse that was to be "Finished Kajun" to the tattooer at Delta Downs. The horse was tattooed accordingly.
On April 12, 1982, Jockey Terry Layton gave a voluntary statement to the Louisiana State Police Criminal Intelligence Section wherein he revealed that the defendant told him that he was going to bring the colt "Dinner at Eight" to Delta Downs to run him as a Louisiana bred horse. Layton further stated that he had ridden the horse, Dinner at Eight, in Weatherford, Texas on March 19, 1982 and that he saw the same horse at Delta Downs on the previous Tuesday. He also stated that he had never ridden Finished Kajun but he knew that Hanson had purchased this horse and he *1311 understood that Dinner at Eight had been tattooed as Finished Kajun. Layton later testified to substantially the same facts before the Louisiana State Racing Commission.
The improperly tattooed horse was entered in the third race at Delta Downs for April 15, 1982, a race which was restricted to Louisiana bred horses.
A blood analysis, conducted by the University of California, on a sample extracted from this horse revealed that this horse was not the descendant of "Tuff Thought" and "Miss Spandeck" (the certified sire and dame of Dinner at Eight.)
Charles E. James testified that he bought a horse that he thought to be Dinner at Eight from the defendant on March 23, 1982. The horse subsequently died of unknown causes on March 31 or April 1, 1982. Mr. James became suspect that his horse was not Dinner at Eight when he was contacted by the Louisiana State Police. He stated that the horse had no markings and it was possible that the switch of horses resulted from a mistake. Mr. Norman L. Williams, the attorney for Mr. James also testified as to the similar appearances of the horses Dinner at Eight and Finished Kajun.
The defendant testified that the sale of the wrong horse, the erroneous tattooing and registration resulted because the two horses were very similar, having no markings nor scars.
The Commission is the trier of facts and is in the best position to evaluate the credibility of the witnesses. The commission was apparently impressed with Mr. Layton's credibility and chose to reject the contrary testimony of the defendant, Charles James and Norman Williams. We find no error in this regard.
There is no question that the ineligible horse, Dinner at Eight and not Finished Kajun was registered by Mr. Hanson at Delta Downs for a Louisiana bred only race. This fact coupled with the testimony of jockey Terry Layton and the other evidence contained in the record was sufficient for the Louisiana Racing Commission to conclude that Mr. Hanson's registration of this horse was fraudulent and not an accident. Accordingly, we conclude that the district court did not err in affirming the decision of the Louisiana Racing Commission.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
AFFIRMED.

ON APPLICATION FOR REHEARING
CIACCIO, Judge, dissenting.
In his application for rehearing, Charles Hanson contends that this Court and The Louisiana State Racing Commission applied an improper standard of proof in this case in connection with a charge of fraud.
Although a preliminary case report prepared by the Criminal Intelligence Section of the Louisiana State Police indicated that the defendant told jockey Terry W. Layton that he intended to enter Dinner at Eight (an unqualified horse) in a race restricted to Louisiana-bred horses, these were not the facts testified to by jockey Layton at the Commission's hearing.
Moreover, a further review of the record fails to indicate any testimony to the effect that the defendant said he was going to enter the ineligible horse in a race for Louisiana-bred horses only.
Mr. Hanson offered the defense of a mistake of fact, claiming that the horses were almost identical in appearance, that an honest mistake caused the wrong horse being delivered to the buyer and this defense was, in part, corroborated by the testimony of the buyer, Charles E. James, and his attorney, Norman L. Williams.
This court, in the recent decision of Kehel v. Yahfoufi, 433 So.2d 424 at 425 (La.1983), discussed the burden of proof required to establish a charge of fraud:
"The charge of fraud is a most serious one, thus the one who alleges it has the burden of establishing it by legal and convincing evidence. Hall v. Arkansas-Louisiana Gas Co., 368 So.2d 984 (La., 1979); Marcello v. Bussiere, 284 So.2d 892 (La., 1973); Sanders v. Sanders, 62 So.2d *1312 284 (La., 1952). Fraud is never presumed and must be established by exceptionally strong proof. Hall v. Arkansas-Louisiana Gas Co., supra; Sanders v. Sanders, supra. Fraud must therefore be proven by evidence which is stronger than a mere preponderance and a showing that fraud is probable or that the circumstances partake of a suspicious character is not sufficient. Sanders v. Sanders, supra."
Under these circumstances it would appear that the State failed to meet its burden of proving fraud.
Accordingly, for reasons expressed herein, I would grant the appellant's application for rehearing.
NOTES
[1] LAC 11-6:48 provides: "48.1: Any person or persons fraudulently registering, or attempting to fraudulently register, a Thoroughbred with the Jockey Club of New York, a Quarter Horse with the American Quarter Horse Association, or an Appaloosa with the Appaloosa Horse Club, Inc., shall be denied a license, or have his license revoked.

48.2 The above penalties will also be applicable to any person or persons using, or attempting to use, fraud to certify a foal as an accredited Louisiana bred with organizations recognized by the Commission and the State of Louisiana...."