PER CURIAM.
WRIT GRANTED AND MADE PEREMPTORY. The plaintiffs-relators, Tracy Simon d/b/a Mr. T’s Towing, and Scott Simon d/b/a T.P.’s Wrecker Service, seek supervisory relief from an order of the Fifteenth Judicial District Court denying the relators a suspensive appeal.
The relators’ licenses for operating towing services were revoked by a Lafayette City Commission. The relators appealed to the district court, which denied the relators a trial de novo and only reviewed the record. Finding the record complete and able to support the Commission’s decisions, the trial court affirmed the Commission’s decisions to revoke.
The relators then filed a motion for sus-pensive appeal which the trial court evidently has refused to sign. Consequently, the relators have sought writs concerning the refusal of the trial court to grant a suspensive appeal, as well as on the issues of the constitutionality of the Commission’s actions and procedures, that the ordinance the Commission operates under is in contravention of state law, and that the trial court should have granted a trial de novo.
A review of the merits is unnecessary at this juncture, as the only issue we need address is whether or not the relators are entitled to a suspensive appeal. If so, the issues concerning the merits of the case are susceptible to being heard on appeal.
LSA-R.S. 49:965, contained in the Revised Statutes governing Administrative Procedure, provides:
“SECTION 965. APPEALS
An aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases.”
Furthermore, besides the clear wording of the statute, many cases have held that judicial review is proper under the Administrative Procedure Act, Hanson v. Louisiana State Racing Commission, 436 So.2d 1308 (La.App. 4 Cir.1983), and cases cited therein, and that judicial review is presumed to exist, Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980).
Since there is judicial review of administrative hearings, and a trial court renders a judgment on the matter, appeals may be taken from a trial court judgment concerning an administrative matter. See LSA-C. C.P. art. 2083. Further, the appeal shall be taken “as in other civil cases.” See LSA-R.S. 49:965. As the relator is entitled to an appeal, and nothing in the statutes or jurisprudence restricts the relator to a devolu-tive appeal, the relator is entitled to a sus-pensive appeal.
The relator’s writ is granted and made peremptory, and the trial court is hereby ordered to grant the relators a suspensive appeal, assuming that the motion for appeal was filed within the thirty-day requirement of LSA-C.C.P. art. 2123. We assume this was done as the motion to apply for writs was signed on February 2, 1987, and the trial court’s denial of the relators’ motion for new trial was denied January 19, 1986 (the judge wrote 1986, but this was obviously an error).