KLEES, Judge.
This action involves the trial court’s reversal of the Louisiana State Racing Commission’s denial of plaintiff’s application for a horse owner’s license. We affirm.
On July 30, 1986, the Louisiana State Racing Commission (“LSRC”) revoked Carl Guillory’s owner’s license pursuant to Guil-lory’s nolo contendere plea to a state charge of attempted theft by fraud. On October 3, 1986, Guillory pled guilty to a second state charge of attempted theft by fraud. It should also be pointed out that Guillory had been convicted on federal charges on May 21, 1973 and May 20, 1974. Guillory had been licensed subsequent to those federal convictions.
On February 5, 1988, Guillory received a full pardon for his state convictions, and he additionally received a restoration of full rights of state citizenship for the federal convictions from then Governor Edwin Edwards.
A hearing was held by the LSRC on July 25, 1989, and on October 13, 1989 the LSRC issued an order denying Guillory’s licen-sure because he “has an extensive criminal record; and although he has received state pardons, Guillory has not received a federal pardon on his federal felony convictions.” On December 15, 1989, the trial court reversed the decision of the LSRC without assigning written reasons. The LSRC then instituted this appeal.
The LSRC is an administrative body with limited discretion to determine whether an owner’s license should be issued. La.R.S. 4:150. The exercise of discretion by the administrative body will not be set aside absent an abuse of discretion. Hanson v. La. State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983), writ den. 443 So.2d 592 (La.1983). The courts have the ultimate duty to determine whether the findings of the commission are supported by sufficient evidence. Hanson, supra. The standard for review of evidence in such cases is confined to the record. Hanson, supra.
*35 A review of the transcript of commission proceedings reveals that the commission refused to hear any evidence surrounding this case. A commission member moved that the commission not hear any evidence as to Guillory’s criminal record. That motion was passed by the commission. We therefore find that the commission did not have enough evidence to make its decision, thus its findings — containing reasons not considered at the hearing — constitute an abuse of discretion. The trial court did not err in disgarding that decision and rendering a de novo judgment.
We additionally find no error in the substance of the judgment of the trial court reinstating Guillory’s license. Guillo-ry received a full pardon for all state crimes and a restoration of full rights of state citizenship for his federal convictions.[1] Although an owner’s license is not a right of state citizenship, we find no abuse in the granting of such a license in this case especially in view of the fact that Guillory previously received a license subsequent to the federal convictions but prior to the restoration of rights of state citizenship for those convictions.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.

. The difference between a "pardon” and a "restoration of full rights of citizenship” was explained by the Supreme Court in State v. Adams, 355 So.2d 917 (La.1978). That Court stated that while a restoration of full rights of state citizenship restores only the basic rights of citizenship, such as the right to vote, work or hold public office, a pardon restores privileges as well as rights, such as the privilege of holding an owner’s license.