KLEES, Judge.
This is an appeal from the district court’s judgment reversing a decision of the Louisiana State Racing Commission to suspend the plaintiff’s license as a pony person for ten years with a fine of $5,000.00 for allegedly selling electrical shocking devices in violation of LAC 35:1.175. After reviewing the record and law, we affirm the decision of the district court.
On July 2, 1989, the Stewards for Delta Downs Race Track in Vinton, Louisiana issued Order # 003 against the plaintiff, Robert Boxie, a licensed pony person and employee of Delta Downs. The Stewards found that on November 10, 1988, Robert Boxie sold two electrical shocking devices to David Desormeaux, an undercover police officer, while on the grounds of Delta Downs. At the time of the Stewards’ hearing, Mr. Boxie had been arrested for the alleged sale with criminal proceedings pending. The Stewards suspended Mr. Boxie’s license, revoked his track privileges, and referred the matter to the Louisiana State Racing Commission for further action.
*492 After a hearing, on November 30, 1989, the Racing Commission suspended Boxie’s license for ten years and fined him $5,000.00. Upon judicial review, the district court remanded the case to the Racing Commission to allow Mr. Boxie to offer rebuttal evidence on three specified issues; (1) whether Mr. Robert Boxie was the person who sold the devices to Trooper David Desormeaux; (2) whether Mr. Robert Boxie could have possibly been at the location where Trooper Desormeaux indicated that the transaction took place; and (3) whether Mr. Boxie actually confessed to selling the devices. After hearing the rebuttal evidence on January 25 and April 11,1990, the Racing Commission affirmed its original decision and upheld the sanctions against Mr. Boxie. A written draft of this decision was issued on June 5, 1990. On November 8, 1990, Boxie filed a supplemental and amending petition seeking judicial review of the Racing Commission’s determination.
On appeal, the Racing Commission first argues that the district court’s reversal should be vacated for lack of jurisdiction because Boxie’s supplemental and amending petition seeking judicial review was not timely perfected. Under LSA-R.S. 49:964(B), a person seeking judicial review of an administrative hearing must file a petition in the district court of the parish in which the agency is located within thirty days after the Commissioner has mailed written notice of his final decision in order for the trial court to obtain jurisdiction to review that decision.
The Racing Commission maintains that the petition for judicial review was filed over thirty days from June 5, 1990, the date that a written draft of the Racing Commission’s conclusive findings was issued. However, the statute specifies that the time allowed for applying for judicial review does not commence until the Commissioner has mailed written notice of the final decision. In the instant case, there is nothing in the record to show when or if the decision was mailed to the petitioner or his attorney or when or if it was received. Under Louisiana law, the Racing Commission has the burden to show when the time for appealing commenced to run. While the record contains the written decision issued on June 5, 1990, it is deplete of any evidence showing that it had been mailed or received by Mr. Boxie or his attorney. See West v. Louisiana Dept. of Public Safety, 432 So.2d 273 (La.App. 1st Cir.1982). Therefore, we find that Mr. Boxie’s petition for judicial review was timely filed.
The next issue on appeal is whether the district court erred in reversing the Racing Commission’s findings that Mr. Robert Boxie was guilty of selling electrical shocking devices.
Under the Administrative Procedure Act, a party who is aggrieved by a final decision in an adjudication proceeding is entitled to judicial review. LSA-R.S. 49:964(A). See Hanson v. La. State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983), writ denied 443 So.2d 592 (La.1983). The standard for judicial review of adjudication proceedings is contained in LSA-R.S. 49:964(G), which provides in pertinent part:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have be prejudiced because the administrative findings, inferences, conclusions or decisions are:
(5) Arbitrary or capricious or characterized by abuse of discretion; or
(6) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
Therefore, the Administrative Procedure Act requires that the Court apply the manifest error test in reviewing the facts found by the agency. Although the issue of credibility of witnesses is a matter addressed to the Racing Commission and not the court, the courts have the ultimate duty to deter *493 mine whether the findings of the administrative body are supported by sufficient evidence. See Hanson, supra, citing Jacomet v. St. Landry School Board, 386 So.2d 1056 (La.App. 3rd Cir.1980), writ denied 393 So.2d 745.
In the instant case, the scenario purported by the State Troopers is that on November 3, 1988, Officer Robert Thibo-deaux received a tip from a reliable informant that Mr. Boxie was distributing electrical shocking devices on the backside of Delta Downs Racetrack. On November 10, 1988, the informant introduced an undercover agent, David Desormeaux, to Mr. Boxie and told Mr. Boxie that Desormeaux was a licensed owner. Soon after the meeting, an agreement was reached between Mr. Boxie and Trooper Desormeaux for the sale of five shocking devices to take place between the eighth and ninth race between barns fourteen and fifteen. Officer Desormeaux testified that Mr. Boxie arrived between barns 14 and 15 in a truck, and the transaction took place as planned. Five months later Mr. Boxie was arrested for selling these devices. Sergeant Le-Jeune and Officer Thibodeaux testified that after the arrest, Mr. Boxie made an oral confession to the sale. Mr. Boxie has categorically denied these allegations throughout the proceedings.
Although the Racing Commission accepted the testimony of the State Troopers, the district court determined that the record did not contain substantial evidence to support the conclusion that Mr. Boxie had sold the electrical devices. In her reasons for judgment, the Honorable Bernette J. Johnson pointed to several prejudicial errors committed by the Racing Commission which impaired the Commission’s ability to reach an objective decision. In pertinent part, Judge Johnson found:
First, the Commission allowed Trooper Robert Thibodeaux to introduce, over Boxie’s objection, a printout of prior violations committed by Boxie which were not contained within the trooper’s report. The introduction of such evidence was highly prejudicial in that it was not introduced for purposes of impeachment but introduced to show that Boxie had more likely than not committed the present violation based upon his prior conduct
[[Image here]]
Second, the troopers gave statements about Boxie’s alleged confession which were grossly inconsistent ...
Third, the alleged sale took place on November 10, 1988, but Boxie was not arrested until April 21, 1989. The troopers explained that the time was needed in order to insulate the informant who led them to Boxie and that there was an ongoing investigation. There was no corroborative evidence presented and no other arrests made. The purchase money was not marked, leaving no proof that the electrical devices were purchased from Boxie. There is no evidence in the record that even Boxie’s fingerprints were found on the devices ...
Fourth, in reference to the offering of a deal to Boxie if he would work with the troopers, Trooper Thibodeaux initially testified that no deal had been offered. Sergeant LeJuene then testified that a deal was offered and that Trooper Thibo-deaux was present. Trooper Thibodeaux then testified that Sergeant LeJeune did make the offer and that he knew the offer had been made.
Fifth, the time and distance required to make the sale is questionable in that Boxie allegedly made the sale while in ■between races eight and nine approximately twenty minutes to complete the transaction. The alleged sale took place between barns fourteen and fifteen which were more than one-half mile from where Boxie was ponying horses in between races. It appears highly unlikely that Boxie could have consummated the transaction over that distance within that period of time and still pony the horses for the races. No evidence was presented to provide a plausible explanation. Finally, witness--s were not sequestered. When the troopers gave testimony, very little information was given to explain how the events to which they testified developed. When Boxie’s attorney brought out the inconsistencies in the testimony, the troopers were inappropri *494 ately given the opportunity from the audience to explain the inconsistencies after the fact ...
For the above reasons assigned by the district court, we agree that the Racing Commission’s factual findings were not supported by substantial evidence. Accordingly, we affirm the district court’s reversal of Mr. Boxie’s suspension and fine. Also, in a consolidated and related matter, we affirm Mr. Boxie’s ninety day suspension for fighting with Earl Angelle on March 18, 1990.
AFFIRMED.