bKLEES, Judge.
On August 11, 1997 the Board of Zoning Adjustments (hereafter BZA) upheld the decision of the Department of Safety and Permits denying Louis R. Koerner’s, Jr. application for a permit to operate a bed and breakfast at his residence. Specifically, both the Department of Safety and Permits and BZA found that Plaintiffs residence had not attained nonconfirming use status. Thereafter, the trial court affirmed the BZA’s decision to deny the permit to operate the bed and breakfast. Plaintiff filed a devolutive appeal from this final judgment. For the reasons that follow, we affirm.
FACTS:
PlaintifftAppellant Louis R. Koerner, Jr. (“Plaintiff’) is an attorney who purchased a residence located at 1204 Jackson Avenue in the city of New Orleans on October 26, 1979. Plaintiffs residence is located in the Garden District - an area zoned under the provisions of the Comprehensive Zoning Ordinance of the City of New Orleans as “RM-1,” Multiple Family Residential District.
feln 1979 complaints were made to the city of New Orleans officials that Plaintiff was illegally operating a law office at his residence. Consequently, on August 5, 1980, an inspector employed by the City of New Orleans investigated the residence and determined that the Plaintiff was in violation of the zoning ordinance which limited the amount of floor space in a home that could be used for home office purposes. Thereafter, per Plaintiffs request, a second inspection was made and the Plaintiffs home office was determined to be in compliance with the zoning ordinances.
In 1991, complaints were made again to the city officials that Plaintiff was illegally operating a law office at his home. A city zoning inspector determined that Plaintiff was in violation of the zoning ordinance by having non-resident workers employed at his home. The city of New Orleans ordered the Plaintiff to cease and desist his nonconforming use of his residence. However, no further action was taken by the city.
On May 1, 1997, Plaintiff filed an application with the Department of Safety and Permits for a permit to operate a bed and breakfast at his residence. The Department of Safety and Permits denied the Plaintiffs request for the bed and breakfast permit on the grounds that the Plaintiff had not attained a nonconforming use of his residence. Thereafter, the BZA voted unanimously to uphold the decision of the Department of Safety and Permits. Plaintiff then filed the petition in this case, requesting review of the BZA’s decision, a declaratory judgment, and *437 a writ of mandamus to compel the Department of Safety and Permits to issue him fethe requested permit. On January 9, 1998, the trial court affirmed the decision of the BZA and held: (1) that a presumption of validity attaches to decisions of the BZA, (2) that an attorney’s home occupation is a permitted use of plaintiffs residence, and (3) that a reasonable basis exists for the BZA to conclude that no nonconfirming commercial use of 1204 Jackson Avenue was acquired by the Plaintiff.
DISCUSSION:
Plaintiff alleges that the district court erred in (1) granting, in effect, the City’s motion for summary judgment to affirm the decision of the BZA and (2) failing to grant his motion for summaiy judgment on his claim of entitlement to a bed and breakfast permit. Plaintiffs argument is without merit.
Jurisprudence holds that decisions of the BZA are afforded a presumption of validity. Elysian Fields, Inc. v. St. Martin, 600 So.2d 69 (La.App. 4 Cir.1992). Accordingly, “[a] reviewing court should not merely substitute its own judgment for that of the BZA unless there is a showing that the Board was arbitrary and capricious or abused its discretion." Id. Further, in determining whether the BZA’s decision was irrational or clearly erroneous, the trial court is limited in scope to a review of the administrative record. See Hanson v. Louisiana State Racing Commission, 436 So.2d 1308, (La.App. 4 Cir.), writ denied, 443 So.2d 592, (La.1983).
In this case, there was a public hearing before the BZA on August 11,1997. The testimonial evidence at the hearing consisted of a brief in opposition to plaintiffs request and the testimony of. ten opponents to plaintiff. Further, the ^Zoning Administrator for the City of New Orleans, Paul May, explained to the BZA his reasons for denying the permit. Plaintiff was given an opportunity to present his case and to rebut testimony. Only Plaintiffs wife, Jean Meade, spoke in support of Plaintiffs request. Accordingly, we find that the administrative record is sufficient to determine whether the BZA’s decision to deny the permit was rational.
Thus, the only issue before this court is whether the BZA followed due process in determining that Plaintiffs residence had not obtained legal nonconforming use status. Plaintiff alleges that he inherited the nonconforming use of a “ten occupancy temporary lodgings” from the previous owner which he expanded into the additional commercial use of the premises through the years as an office for attorneys and for charitable and civic groups. Further, Plaintiff alleges that even if the ten prior years were not sufficient to place the City on notice, the actions in 1991 clearly started the two year clock on enforcement.
The Comprehensive Zoning Ordinance describes a home occupation under Article 2 Section 1 at item 98 as:
“Any occupation within a dwelling and clearly incidental thereto, carried on by a member of the family residing on the premises provided that no person not a resident of the premises is employed, that not more than 15 percent of the floor area of the dwelling is used for the home occupation and no stock in trade is kept or commodities sold, no mechanical equipment is used except such that is normally used for family, domestic, or household purposes, and there is no exterior indication other than a sign permitted by the district regulations, that the building is being used for any purpose other than a dwelling. When within the above requirements, a home occupation includes but is not limited to the following: (a) art studio; (b) dressmaking; (c) professional office of a lawyer... ”
In order to prescribe the enforcement of a zoning violation, the city of New Orleans must be given notice of the violation in writing. As stated under R.S. 9:5625(A), actions to enforce zoning ordinances as to “use” violations “must be ^brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency if such has been designated, first had been actually notified in writing of such violation.”
*438 In this ease, we find that the BZA was reasonable in finding: (1) that Plaintiffs law office is a permitted use of his residence under the Comprehensive Zoning Ordinance and (2) that the Department of Safety and Permits did not have written notice of a use violation for commencement of the prescriptive period.
As stated above, only two notices appear in the files of the Safety and Permits. The first notice, made in 1980, merely cited Plaintiff for “failure to adhere to the 15 per cent of floor area for home occupational usage.” However, after that notice, plaintiffs property was re-inspected and the zoning inspector found that the violation had been corrected. The second notice, made in 1991, stated that Plaintiff has “3-5-employees working at that location.” However, the inspection report never stated that Plaintiff was violating the 15 per cent floor area limitation. The city of New Orleans concedes that Plaintiff may continue to employ 3-5 nonresident employees within the 15 percent of the floor area that is allowed under the Comprehensive Zoning Ordinance. Accordingly, we find that the BZA did not abuse its discretion in finding that the second notice commenced the running of prescription concerning nonresident employees, but it did not establish a nonconfirming commercial use of the whole building.
CONCLUSION:
For the foregoing reasons, we affirm the judgment of the trial court and find that there was a reasonable basis for the Board of Zoning Adjustments to conclude kthat n0 nonconfirming commercial use of 1204 Jackson Avenue was acquired by the Plaintiff.
AFFIRMED.