PER CURIAM.
 

 |2The Louisiana Department of Health and Hospitals terminated Feliciana Consultant’s license to operate as a mental health rehabilitation provider in January, 2008. Feliciana’s administrative appeals were denied effective May 8, 2008. Felici-ana filed the instant petition for judicial review and for temporary and preliminary injunction.
 

 The matter was heard by the district court on August 12, 2008. Thereafter, in a judgment signed on January 26, 2009, the district court reversed the Department and granted an injunction staying the Department from terminating Feliciana’s mental health rehabilitation provider status. Notice of the judgment was sent on January 27, 2009.
 

 On February 6, 2009, the Department filed a motion and order for suspensive appeal. The motion also sought a lift of the stay regarding termination of Felicia-na’s provider status, associated with the injunction, during the pendency of the appeal. The district court denied this motion on February 18, 2009, with the notation “not a final judgment.” This writ application ensued.
 

 The Department urges that the district court erred in concluding that the instant judgment is not a final one and thus erred in denying the Department’s motion for appeal.
 

 La. R.S. 49:964 provides that a person aggrieved by a final decision in an agency
 
 *381
 
 adjudication proceeding is entitled to judicial review in the district court of the parish in which the agency is located. The district court may affirm the decision of the agency or remand for further proceedings, or reverse or modify the decision if substantial rights of the appellant have been prejudiced.
 

 In the instant case, Feliciana sought timely review of the agency adjudication and the district court reversed that decision.
 

 La. R.S. 49:965 provides:
 

 An aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases.
 

 A district court considering a petition for judicial review of an agency decision is functioning in an appellate capacity.
 
 Lightfoot v. Stalder,
 
 2000-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710, 717,
 
 writ denied,
 
 2001-2295 (La.8/30/02), 823 So.2d 957. Reversal is one of the four possible actions a district court may take under R.S. 49:964 on review of an agency decision.
 

 The jurisprudence has treated decisions of the district court on petitions for judicial review as appealable.
 
 See Simon v. Lafayette Auto Wrecker & Towing Control Committee,
 
 506 So.2d 561, 562 (La.App. 3 Cir.1987);
 
 Women’s and Children’s Hosp. v. State, Dept. of Health and Hospitals,
 
 2007-1157 (La.App. 1 Cir. 2/8/08), 984 So.2d 760. A district court’s reversal of an agency decision has been considered on appeal.
 
 Giles v. Cain,
 
 1998-0212 (La.App. 1 Cir. 4/19/99), 734 So.2d 109,
 
 writ granted in part, judgment vacated in part by
 
 1999-2328 (La.6/2/00), 762 So.2d 1116. The instant judgment reversing an agency adjudication is a final one subject to appeal.
 

 We note that, under
 
 Simon,
 
 supra, and R.S. 49:965, a suspensive appeal of a judicial review decision is normally available where the appellant timely files its motion for suspensive appeal. Further, the Department ordinarily would be entitled to pursue a suspensive appeal of a decision on judicial review without posting bond. La. R.S. 13:4581. However, the judgment in the instant case includes an injunction staying the Department’s decision to terminate Feliciana’s provider status. No suspensive appeal lies from a judgment relating to a preliminary or permanent injunction. La.Code Civ. P. art. 3612. Under the circumstances presented here, it would be meaningless to grant the Department a suspensive appeal of that part of the judgment reversing the agency decision when that part of the judgment staying the Department from terminating Feliciana’s provider status cannot be sus-pensively appealed.
 

 For the reasons expressed, we find that the district court erred in finding that the instant judgment reversing the agency decision was not a final, appealable one. Accordingly, the application hereby is granted insofar as the district court’s February 18, 2009 denial of the Department’s motion for suspensive appeal is reversed. The matter is remanded for the district court to grant the Department a devolutive appeal of the January 26, 2009, judgment. To the extent the application seeks a ruling granting a suspensive appeal, it is denied.
 

 WRIT GRANTED IN PART WITH ORDER; DENIED IN PART.