ELLIS, Judge.
Plaintiff, George L. Johnston, who holds the rank of Major in the Baton Rouge Police Department, is seeking by this suit to compel the Baton Rouge Municipal Fire and Police Civil Service Board to permit him to take the promotional test for the rank of Colonel. From an adverse judgment in the trial court he has appealed.
The facts of the case are all stipulated. In 1976, Major Malcolm Ballard gave notice that he intended to retire from the Baton Rouge Police Department, after using up his accumulated leave. Major Johnston was given a temporary appointment as Major Ballard’s substitute on April 16, 1976. Apparently after Major Ballard’s retirement became effective, plaintiff received a probationary appointment as major, on September 16, 1976, and commenced his working test period. On March 16, 1977, his appointment as a regular major was confirmed.
In 1978, Colonel William Louis Gunby, Sr., of the Baton Rouge Police Department gave notice of his intention to start his sabbatical leave on June 29, 1978, and to retire as of the close of business on December 31, 1978. The Board then announced that it would give a promotional test for the position of Colonel on May 22,1978. On April 14, 1978, plaintiff applied to take the said test, but his application was rejected by the Board, by a vote of three to two.
Thereafter, plaintiff brought this suit for injunctive relief to prevent the giving of the test, and praying that the Board be ordered to permit him to take the test. The matter was heard on the prayer for a preliminary injunction to prevent the giving of the test. After the hearing, judgment was rendered denying the preliminary injunction, and plaintiff has appealed. This court has issued a stay order to maintain the status quo pending the resolution of the issues presented hereby.
Among the qualifications for holding the rank of Colonel of the Baton Rouge Police Department is the following:
“Must have ten years of police experience in law enforcement and crime prevention work, including two years experience at the rank of Major (two years to begin at date of probational appointment).”
The Board was of the opinion that, since plaintiff did not begin his probational appointment until September 16, 1976, he would not have the required two years service as Major at the time the test was given, and was therefore not eligible to take it.
R.S. 33:2493, provides, in part, as follows: “Admission to tests shall be as follows: “A. Admission to a promotional test shall be limited to regular employees of the class next lower from that for which they are to be examined. However, the rules may provide for admission to be extended to applicants from any one or more of the next lower classes.
“B. Admission to competitive tests shall be open to all persons who meet the requirements provided by this Part and the rules.
“C. Any applicant admitted to a test shall be a citizen of the United States of America and, if of legal age, shall be a qualified elector of the State of Louisiana.
“D. Special requirements or qualifications for admission to tests, or for eligibility for appointment, such as age, education, physical requirements, etc., may be established by the rules adopted by the board, after consultation with the appointing authority. Any applicant must be, at the time of his appointment to a position in the classified service, of good health, good moral character, and of temperate and industrious habits.
“E. The board may reject the application of any person for admission to tests of fitness, or refuse any applicant to be tested, or may cancel the eligibility of any eligible on any employment list, who
“(1) Is found to lack any of the qualifications prescribed, or which may be legally prescribed, as requirements for *1359 admission to the tests for the class for which he has applied; .
It is obvious, particularly from Subsection D, supra, that there is a difference between qualifications for admission to take a test and eligibility for appointment to a position. Absent some special rule, formally adopted by the Board, the only legal qualifications for admission to tests are that the applicant be an employee “of the class next lower from that for which (he is) to be examined,” and that he be a citizen of the State. He must also be, at the time of his appointment, “of good health, good moral character and of temperate and industrious habits.”
There is no evidence before us of any rule which requires that an applicant fulfill all of the qualifications for a position at the time he takes the test, and the law, quoted above, does not make that requirement. We do not believe that the Board can supply such a requirement without adopting a formal rule to that effect. Nor can we see any logical reason for denying an applicant the opportunity to take a promotional test, when, as in this case, he will be in all other respects eligible at the time the position falls vacant. Certainly plaintiff will suffer irreparable harm if the test is given before this matter can be finally resolved on its merits.
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of plaintiff and against defendants, granting a preliminary injunction restraining the defendants from administering the promotional test for the position of Colonel pending the final resolution of this case on its merits; and remanding the case to the trial court for further proceedings in accordance with law. Defendants shall pay all costs of this appeal for which they may be legally liable, with all other costs to await final resolution of the case on its merits.
REVERSED AND REMANDED.