JaCRAIN, Judge.
Plaintiffs are employees of the Police Department of the City of Baton Rouge who have previously served as police cadets. They instituted this action for declaratory judgment against the City of Baton Rouge and the Municipal Fire and Police Civil Service Board (Board) seeking to have the time which they served as police cadets counted towards seniority status for purposes of promotion. Plaintiffs subsequently filed a motion for summary judgment which was granted by the trial court. Defendants appealed. The sole issue before us is whether police department employees of the City of Baton *1057 Rouge are entitled to use the time served as cadets for seniority purposes in determining their rights for promotion. Disposition of the matter by summary judgment is not contested.
The issue of police cadet seniority status was addressed by the Board at its meeting of February 25, 1988. According to the transcript introduced in support of the motion for summary judgment, the issue was decided by the Board at a meeting, not a public hearing. The facts necessary for disposition of this matter by summary judgment are contained in the transcript of the February 25, 1988, meeting.
According to the transcript, the police cadet classification has been in existence since July 25, 1967. At that time there was a mandatory age requirement of twenty-one to be classified as a police officer. Initially, the classification of police cadet was created to allow the recruitment of potential police officers by allowing the hiring and training of persons aged nineteen to twenty-one as “apprentice” police officers. Upon reaching the mandatory age of twenty-one, the cadet either progressed to the police officer class or was dismissed from service. Subsequently, the maximum age of twenty-one for the police cadet classification was apparently ignored or read out of the requirements and a cadet was allowed to remain a cadet indefinitely. The progression to police officer class is not automatic. The cadet must pass the police officer examination and successfully complete the police academy. Prior to the February, 1988, meeting, cadet time was _JjCounted towards seniority for promotional purposes. This became a problem when the department no longer enforced the mandatory maximum age limitation for the cadet class. Thereafter, persons remained employed in the cadet class for indefinite periods of time. Theoretically, a person could remain a cadet for ten years and have the same seniority status as a person employed as a police officer for ten years. On at least one occasion, a police officer requested and was granted a demotion to the cadet class because the officer felt that the job of a police officer was too demanding.
The Board discussed the similarities and differences between the duties of cadets and police officers. The work of a police officer is more hazardous than that of a typical cadet; a cadet does not have the authority to make an arrest and carry a weapon; the duties of cadets include writing parking tickets, traffic details, coding police reports, verifying warrants and answering the telephone. Their typical jobs are not far different from those of police officers who work in the records section; however, cadets’ jobs differ from those of police officers who “walk the beat.” After much discussion the Board voted that cadets hired after February 25,1988, would not be allowed to have the time served as cadets credited to seniority for promotional purposes.
Plaintiffs in this case were hired as cadets subsequent to February 25, 1988. At the Board meeting of February 18, 1992, plaintiffs in this action raised the cadet seniority issue. The Board referred to a “rule” which had allegedly been adopted at the February 25, 1988, meeting to the effect that cadet time would not count towards seniority for promotional purposes. The Board declined to change the previous Board’s decision regarding that issue.
Section 16 of Article X of the Louisiana Constitution of 1974 creates and establishes a classified fire and police civil service system for municipalities with a population exceeding thirteen thousand which operate a regularly paid fire and police department. Section 17 of Article X provides:
“Permanent appointments and promotions in municipal fire and police civil service shall Ube made only after certification by the applicable municipal fire and police civil service board under a general system based upon merit, efficiency, fitness, and length of service as provided in Article XIV, section 15.1 of the Constitution of 1921, subject to change by law enacted by two-thirds of the elected members of each house of the legislature.”
Article XIV, Section 15.1 of the Louisiana Constitution of 1921 provided for a municipal fire and police civil service system for municipalities having a population between 13,000 and 250,000. Pursuant to Article X, Section *1058 17 of the 1974 Constitution the provisions of Article XIV, Section 15.1 of the 1921 Constitution were retained and continued as statutes which may be amended or modified by two-thirds of the members of each house. Those provisions relative to fire and police civil service for populations of 13,000 to 250,-000 are contained in La. R.S. 33:2471-2508, the “Municipal Fire and Police Civil Service Law.”
The Board has the duty, among other things, to hear and decide matters brought before it by the chiefs of the police or fire department [La.R.S. 33:2477(6) ]; make, alter, amend and promulgate rules necessary to effectively carry out the statutory provisions [La.R.S. 33:2477(7) ]; and adopt and maintain a classification plan which shall be adopted and maintained by rules of the board [La.R.S. 33:2477(8) ]. The Board may adopt and execute rules, regulations and orders necessary or desirable to carry out the statutory provisions and is required to do so when statutorily mandated. No rule or regulation shall be contrary to, or in violation of, any purpose or intent of the applicable statutory provisions. The Board may adopt a rule after holding a public hearing at which any municipal officer, employee, private citizen, and the state examiner shall be given an opportunity to show cause why the proposed rule should not be adopted. Before holding the public hearing the Board must furnish notice of the hearing and a copy of the proposed rule thirty days in advance to various enumerated persons, including the chief and each station of the departmental service to be affected by the adoption of the proposed rule. The notice and proposed rule furnished to the Rvarious stations of the respective departments shall be posted on the bulletin board of each station for at least thirty days in advance of the hearing. After adoption of a rule the Board must furnish an official copy of the rule to the above enumerated persons and places. Further, rules adopted in accordance with the above have the force and effect of law. La. R.S. 33:2478.
Pursuant to La.R.S. 33:2483, the Board is required to adopt a classification plan for the fire and police services of the municipality. The plan is to consist of classes designated by titles, ranks, or a combination thereof, for all positions included in the classified service for each of the fire and police services. The various classes of the plan must be arranged in order to show the natural lines of promotion and demotion. Section 2483 further provides:
“The classification plan shall be adopted as rules of the board, in the manner provided by this Part for the adoption of rules. Rules creating the classification plan, future classifications, abolition of any classification, any amendment thereto, or revision thereof shall be adopted by a board only after consultation with the appointing authority, and the state examiner.”
Within forty-five days after adoption of a classification plan, the Board must allocate each position in the service to its appropriate class. It must thereafter allocate each new position created in the service, and when required for the benefit of the service, reallocate positions from class to class. When the appointing authority changes the duties of a position so that its effect results in a change of class from that to which it was originally allocated, such change will abolish the position and create a new position of the different class. When the Board finds that the change in duties was brought about for political, religious, or discriminatory reasons, or without just cause, the Board must refuse to recognize any such action. La.R.S. 33:2484.
A “class” in the classified service is a “definitely recognized kind of employment in the classified service, designated to embrace positions that are so nearly alike in the essential character of their duties, responsibilities, and consequent | (¡qualification requirements, that they can fairly and equitably be treated alike under like conditions for all personnel purposes.” La.R.S. 33:2473(5). “Departmental service” is “employment in the public services offered and performed separately by the fire and by the police departments of the municipality.” La.R.S. 33:2473(9). A “position” is defined as “any office and employment in the municipal fire and police services, the duties of which call for services to be rendered by one person.” La.R.S. 33:2473(13). A “promotion” is defined as a “change of an employee in the classified ser *1059 vice from a position of one class to a position of a higher class which generally affords increased responsibilities and pay.” La.R.S. 33:2473(14). “Seniority” is defined in La.R.S. 33:2473(20) as:
“the total employment computed for an employee beginning with the last date on which he was regularly and permanently appointed and has worked continuously to and including the date of computation.... Total seniority in the departmental service, including positions of any and all classes, or seniority in any one or more given classes, may be computed for an employee, but in either case employment shall be continuous and unbroken by a resignation or discharge of the respective employee. ...”
Vacancies are to be filled by one of the following methods: demotion, transfer, reinstatement, promotional appointment, competitive appointment, reemployment, and temporary appointment. La.R.S. 33:2487. The Board is required to establish employment lists containing the names of persons eligible for appointment to various classes of positions. The names of employees who were demoted for other than a disciplinary reason are placed on the reinstatement list. La.R.S. 33:2491(A). Those who have been laid off must be placed on a reemployment list. La. R.S. 33:2491(B). Subsection D provides:
“Names of persons attaining a passing score on a promotion test shall be placed upon the promotion employment list for the class for which they were tested, from highest to lowest, according to their total seniority in the departmental service. The names of persons attaining a passing score on a competitive test shall be placed upon the competitive employment list for the class for which they were tested, from highest to lowest, according to their final test scores.”
|7New names to be placed on a promotion list for a given class should be:
“rearranged with the new names so that all names appearing upon the list for the class shall rank, from highest to lowest, according to total seniority in the departmental service. When new names are to be placed upon a competitive list for a given class, the remaining names thereon shall be rearranged with the new names so that all names appearing upon the list for the class shall rank, from highest to lowest, according to their final test scores.”
La.R.S. 33:2491(H). When a vacancy is to be filled by promotion the Board certifies to the appointing authority the names of eligible persons in the order in which they appear on the promotional list. “The appointing authority shall select and appoint to the first vacancy to be filled the one person certified to him who has the greatest seniority in the departmental service.” La.R.S. 33:2494(C). The testing and the admission to tests of applicants are also statutorily prescribed. La.R.S. 33:2492 and 2493.
In the job classification plan of the police department of the City of Baton Rouge, the first class listed is “Police Cadet.” It is a competitive class. The nature of work for this class is training in general police work, and performing regular and routine assignments as received from a superior officer. The cadet is not allowed to carry a weapon except under compelling and emergency situations. The required training and experience are a high school diploma or a G.E.D. The necessary special requirements are: be a qualified elector; no older than 21 years of age; and successfully pass a qualifying examination.
The next class is that of “Police Officer.” The nature of the work is general and varied duty police work protecting life and property through the enforcement of laws and ordinances. The required training and experience is a high school diploma or G.E.D. The necessary special requirements are: be a qualified elector; 21 to 40 years of age; successfully complete a qualifying examination.
The promotional classes are: police sergeant; police lieutenant; captain; major and chief. The police sergeant class requires the applicant to that class to be a regular and permanent employee in good standing in the police officer class. The | gremainder of promotional classes require the applicant to have served a specific length of time in the next lower class.
*1060 La.R.S. 33:2473(20) defines seniority as “total employment.” La.R.S. 33:2491(D) requires that names of persons passing a promotion test be placed on an employment list for the class for which they tested from highest to lowest “according to their total seniority in the departmental service.” (Emphasis added.) La.R.S. 33:2494(0 requires that when filling a vacancy from a promotional list, the appointing authority “shall select and appoint ... the one person certified to him who has the greatest seniority in the departmental service.” La.R.S. 33:2494(0). (Emphasis added.) Police cadet is part of the classification plan of the Municipal Fire and Police Civil Service of the City of Baton Rouge. As such, under the enumerated statutes the time served as a cadet is required to be counted towards total seniority. By deciding not to count the time served by cadets towards seniority for promotion, the Board ignores the requirements of total seniority in departmental service required for promotions pursuant to La.R.S. 33:2491 and 2494. In order to do so, at the very least the Board would have to adopt a formal rule eliminating police cadets from the classification plan. We have no evidence that any such rule was formally adopted pursuant to La.R.S. 33:2478. See Johnson v. Baton Rouge Municipal Fire & Police Civil Service Board, 361 So.2d 1357 (La.App. 1st Cir.1978); cf. Cannatella v. City Civil Service Commission of the City of New Orleans, 381 So.2d 1278 (La.App. 4th Cir.), writ denied, 384 So.2d 793 (La.1980).[1]
The trial court judgment is affirmed. Costs in the sum of $804.03 are assessed against appellants.
AFFIRMED.

. We note that the Municipal Fire and Police Civil Service Board of the City of Shreveport removed by statute from departmental service enumerated jobs such as police headquarters desk service or department records clerk, in determining total seniority for purposes of promotion for a classified police position with the primary duty or responsibility of law enforcement. La.R.S. 33:2491.1.